UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

STUART H. FINKELSTEIN, ESQ.,                      Case No.: 1:23-cv-00049

                        *Plaintiff*,          DECLARATION OF STUART
                                        FINKELSTEIN ESQ. IN SUPPORT
      -against-                                OF LETTER MOTION

LILLAHAR BICAL,

                        *Defendant*.

------------------------------------------------------------X

      Stuart H. Finkelstein, Esq., ("SHF" or "Plaintiff"), an attorney duly admitted to practice in the United States District Court of the Eastern District of New York, affirms the following under the penalties of perjury:

      1.    At all times relevant to this lawsuit, I was an attorney for Defendant Lilaahar Bical ("Bical" or "Defendant"). As a Pro Se Attorney-Plaintiff, I am familiar with the facts and circumstances discussed herein based upon personal knowledge and the files maintained by this office.

      2.    I make this declaration in support of Plaintiff's Motion to Compel Discovery and/or to Strike Defendant's Answer under Fed. R. Civ. P. 37 (Dkt. No. 32) and for sanctions, pursuant to Judge Bulsara's August 14, 2023, Order.

      3.    The claims in this lawsuit concern over four years of legal work that Plaintiff performed for Bical, but for which Plaintiff was not fully paid.

      4.    The claims in this lawsuit concern legal work pertaining to ten (10) matters: *Bical v. Redcom*; *Verdugos & United Rentals v Bical*; *Bical v. Airtemp Mechanical Services*; *Bical v. Benenson*; *Pollack v. OP Development et al*; *Bical v. Bical – Matrimonial*; *Carter, Ledyard & Milburn, LLP v. Bical*; *Personal Injury Suits* ; *Gravesend Flag Co. v. Bical*; *Bical v. Topaz*

(Request No.'s 114-119).

5. On April 19, 2023, Plaintiff served one hundred nineteen (119) Requests for Production and fifteen (15) multi-part interrogatories on Bical. *See* Ex. B.

6. The Court deemed Plaintiff's demands served as of the date of the Rule 16 conference, June 30, 2023. *See* Min. Entry & Scheduling Order dated July 5, 2023.

7. Bical did not respond to the discovery demands by the 30-day deadline of July 30, 2023.

8. On August 1, 2023, Plaintiff moved to compel the discovery and to strike Bical's answer. *See* Dkt. No. 29.

9. On August 9, 2023, Plaintiff supplemented his motion to compel/strike and informed the Court that Bical did not submit any opposition to the motion. *See* Dkt. No. 30.

10. August 14, 2023, this Court granted Plaintiff's motion in part. The Court ordered Bical to produce "***full and complete*** responses to Plaintiff's discovery demands no later than 8/28/2023." The Court further held that "[f]ailure to comply with [the] order may result in the imposition of sanctions."

11. On August 28, 2023, the Labonte Law Group e-mailed Plaintiff with what was labeled as "defendant's discovery responses regarding Stuart H. Finkelstein Esq. v. Lilaahr Bical." *See* Ex.'s C, D.

12. The purported "discovery responses" did not contain a single document.[1]

13. The purported "discovery responses" included over one hundred instances of some variation of five objections: that the demands are irrelevant, that they are overboard/ overburdensome, that the documents are equally available to Plaintiff, that he is not currently aware of the documents sought, and that some are the subject of some privilege.

14. An email address belonging to Plaintiff that was used to communicate with

---

[1] Defendant claimed to have submitted one (1) single document with his responses. See Ext. C, ¶¶ 2, 4-6, 8-9, 25-26, 48. In fact, that is not accurate. No documents, *at all* were submitted with Defendant's discovery responses.

Defendant during the relevant time period is "Sf@finkelsteinlawgroup.com."

15. Another email addresses belonging to Plaintiff that was used to communicate with Defendant during the relevant time period is "Finkelsteinlawgroup@gmail.com."

16. An email addresses belonging to Bical that was used to communicate with Plaintiff during the relevant time period is "SammyBical@aol.com."

17. An email addresses belonging to Frances Doria, an employee/ agent of Bical's, that was used to communicate with Plaintiff during the relevant time period is "Mouth1016@aol.com."

18. Another email address that Frances Doria used to communicate with Plaintiff during the relevant time period is Fran@kristalautomall.com.

19. Another email address that Frances Doria used to communicate with Plaintiff during the relevant time period is franiebucks@aol.com.

20. An email addresses belonging to Nadia Bical, an employee/ agent of Bical's, that was used to communicate with Plaintiff during the relevant time period is "nbical@icloud.com"

21. Plaintiff is aware of at least two hundred documents that Bical has in his possession that are responsive to Plaintiff's demands.

22. Dozens of the documents referred to in ¶ 13 are correspondence between Plaintiff and Bical and/ or his agents and employees.

23. Plaintiff and Defendant and/ or Defendant's agents/ employees were in constant communication during the course of Plaintiff's representations of Defendant. The communications took various forms including email, fax, handwritten letter, telephone, and in person.

24. Plaintiff is aware of hundreds of documents, including correspondence, legal memoranda, litigation documents, and financial records that Defendant has in his possession that are responsive to Plaintiff's discovery requests.

25. A true and correct copy of Plaintiff's April 19, 2023, Request for Production is

annexed hereto as **Exhibit "A."**

26. A true and correct copy of Plaintiff's April 19, 2023, First Set of Interrogatories is annexed hereto as **Exhibit "B"**.

27. A true and correct copy of Defendant's August 28, 2023, Response to Plaintiff's Request for Production is annexed hereto as **Exhibit "C".**

28. A true and correct copy of Defendant's August 28, 2023, Response to Plaintiff's First Set of Interrogatories is annexed hereto as **Exhibit "D".**

29. A true and correct copy of Plaintiff's final invoice and itemized billing is annexed hereto as **Exhibit "E."**

30. A true and correct copy of a February 2018 email chain between SHF, Defendant Bical and Frances Doria regarding the lawsuit filed against Bical captioned *Carter, Ledyard & Milburn, LLP v. Bical*, (150470/2018), is annexed hereto as **Exhibit "F".**

31. A true and correct copy of a December 2018 email chain between SHF, Bical, Nadia Bical, and Frances Doria is annexed hereto as **Exhibit "G".**

32. A true and correct copy of a letter dated September 24, 2019, sent by Plaintiff to Bical's accountant on Bical's behalf is annexed hereto as **Exhibit "H".**

33. A true and correct copy of a February 2018 email chain instructing SHF to review correspondence from Bical's criminal defense attorneys at Raiser & Kenniff is annexed hereto as **Exhibit "I".**

Dated: September 8, 2023
      Syosset, New York

Respectfully submitted,
By:_____S/_____
Stuart H. Finkelstein, Esq.
Finkelstein Law Group, PLLC
338 Jericho Turnpike
Syosset, New York 11791