UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STUART H. FINKELSTEIN,

                                  Plaintiff,                    **MEMORANDUM & ORDER**

          -against-                                                 23-CV-00049-LDH-SJB

LILAAHAR BICAL,

                                  Defendant.
-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

On August 14, 2023, the Court directed Defendant to provide a complete set of discovery responses to Plaintiff in two weeks. (Order dated Aug. 14, 2023). Defendant then served written responses but failed to produce a single document. The written responses appear to run afoul of numerous long-established federal discovery rules. As the Court explained in another case:

> *First*, with respect to the objections, "[a]n objection must state whether any responsive materials are being withheld *on the basis of that objection.*" Rule 34(b)(2)(C). Nothing is said by [Defendant] as to whether responsive documents exist; for each objection, [Defendant] has also not indicated if any documents are being withheld on the basis of that objection.
>
> *Second*, the objection that the phrase "relating to . . ." is "vague, ambiguous and overbroad," is vacuous boilerplate. *Fischer v. Forrest*, No. 14-CV-1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) ("[T]he responses to requests 1–2 stating that the requests are 'overly broad and unduly burdensome' is meaningless boilerplate. Why is it burdensome? How is it overly broad? This language tells the Court nothing."); *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008) ("[B]oilerplate objections that a request for discovery is overboard and unduly burdensome . . . persist despite a litany of decisions from courts, including this one, that such objections are improper unless based on particularized facts.") (quotations omitted) (collecting cases).
>
> *Third*, the Discovery Responses begins with a long recitation of General Objections. The 2015 Amendments to the Federal Rules no longer permits global, generalized objections to each request. Rule 34(b)(2)(B).

1

*CapRate Events, LLC v. Knobloch*, No. 17-CV-5907, 2018 WL 4378167, at \*2 (E.D.N.Y. Apr. 18, 2018) (first, fourth, fifth, and sixth alterations in original). Defendant's responses are inconsistent with these basic principles of federal document discovery. *See also Wang v. Shanghai You Garden, Inc.*, No. 20-CV-4588, 2023 WL 5670772, at \*4 (E.D.N.Y. Mar. 31, 2023) ("General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." (quotations and alterations omitted)) (collecting cases); *Eiklor v. Lowe's Home Ctrs., LLC*, No. 21-CV-5082, 2022 WL 16834574, at \*1 (E.D.N.Y. Nov. 9, 2022) ("The timeworn phrases of 'overbroad', 'undue burden', 'vague' and 'ambiguous' are not a safe harbor to one seeking to avoid production. Rather, those objections—if genuine—must be supported by a degree of specificity as to *why* they might be overbroad, an undue burden, vague or ambiguous.").

In fact, Defendant repeats the same objections over and over and over again, in response to every request. (*See, e.g.*, Def.'s Resps. to Pl.'s First Request for Produc. dated Aug. 25, 2023 ("Def.'s Doc. Resps."), attached as Ex. C to Decl. of Stuart Finkelstein in Supp. of Letter Mot. dated Sept. 8, 2023, Dkt. No. 33). In each instance, he incorporates a long laundry list of improper general objections; fails to explain what

specifically about the request is irrelevant, improper, burdensome, or vague; and fails to indicate whether the objections are being used to withhold documents.[1]

There are additional, and more serious, problems. Defendant repeatedly objects to requests on the grounds that responsive documents are in the possession of Plaintiff. That fact does not obviate the need for Defendant to produce the responsive documents in his possession. *See Thomas v. City of New York*, 336 F.R.D. 1, 2–3 (E.D.N.Y. 2020) ("The mere existence of overlap and some duplication is insufficient to preclude the discovery sought. Furthermore, even if duplicative, obtaining the information about custodian of a text message or email yields pertinent information. That is, even if an email was produced from one witness's custodial inbox, producing the same email from another witness's inbox establishes that the second witness received the email (and helps counter any suggestion that he or she lacked knowledge of or did not receive the email in question)." (citation omitted)); *e.g.*, *Au New Haven, LLC v. YKK Corp.*, No. 15-CV-3411, 2023 WL 2612204, at *11 (S.D.N.Y. Mar. 23, 2023) ("Plaintiffs' argument that

---

[1] For example, the following language was used verbatim to respond to document production requests 2, 3, 4, 5, 6, 8, 9, and 48:

> Defendant objects to this Request on the grounds that it seeks documents and information which is in the possession, custody or control of Plaintiff, or that is equally available to Plaintiff. Defendant further objects to this Request on the grounds that it is overbroad, unduly burdensome, vague, ambiguous and/or fails to describe the documents or information sought with reasonable particularity. Subject to the foregoing objections and the General Objections, Defendant states that it is not currently aware of any documents reflecting communications between SHF and Bical regarding the underlying alleged representations, other than what was produced by the Plaintiff during the course of this litigation and in the December 22, 2022 letter to Bical by SHF which is attached hereto.

(Def.'s Doc. Resps. ¶¶ 2, 3, 4, 5, 6, 8, 9, 48).

3

the records in the JPO were equally accessible to Defendants and that they were thus excused from producing them is also meritless.").

And Defendant appears to engage in a form of misdirection and gamesmanship by suggesting repeatedly (and in response to virtually every single document request) that he is "not currently aware" of responsive documents. (*E.g.*, Def.'s Doc. Resps. ¶ 2 ("Subject to the foregoing objections and the General Objections, Defendant states that it is not currently aware of any notes, memorandum, letters, statements, receipts, invoices, correspondence, agreements, contracts or any other writings or documents concerning the allegations set forth in the Complaint[.]")).  Document requests are not memory tests.  That a party is not aware of responsive documents does not remove its obligation to produce them.  It must search for responsive documents, and then after performing a reasonable search, it can state it is not in possession of responsive documents.  Mental state, awareness, or knowledge has nothing to do with the obligations under Rule 34.  Defendant's assertion that he is not "currently aware" of any responsive documents, which appears to have been made with the purpose of shielding documents from discovery (or justifying the failure to produce a single document), is a patently frivolous basis on which to respond to document requests.  And it risks imposition of serious sanction and potential entry of default.  Here is why: when a party fails to conduct a search for documents, and simply asserts that it is not aware of documents, it cannot state whether it is withholding documents on the basis of its objections, as Rule 34 requires.  *See supra*.  As a result, neither the opposing party nor the Court knows if there are no documents responsive to the request, or instead, a few, a thousand, or a million.  Faced with this ignorance, the opposing party must move to compel, and the Court must adjudicate the dispute.  But it all could be a fight over

4

nothing, because even as originally crafted (ignoring any objections), there simply may not be any documents that are responsive. That is, even though there may have been a valid reason for the opposing side to believe documents exist (and thus serve a request for them), the reality is that no documents exist. When a party behaves like Defendant has—and conducts no search at all—unnecessary costs (motion practice, decision time, not to mention the mutual agita engendered from one side believing that the other side is hiding documents, and the other reflexively defending themselves against such a charge) are imposed on the parties and the Court. As another case explains:

> What [Defendant] cannot do under the current Rules framework is use the overbreadth objection to produce nothing at all. . . . A proper response would have been to indicate a scope of documents that [he] would produce, state that other documents exist, but would be withheld on the basis of the burden of collecting and producing those documents. Then, if [Plaintiff] thought it appropriate, he could move to compel that which is being withheld. And such a process would help [Defendant], because [he] would not have been forced to say [he] offered reasonable compromises that [Plaintiff] simply did not accept. Rather [he] could produce documents pursuant to that reasonable interpretation, and present that good faith compliance to the Court in response to the motion to compel.

*CapRate Events*, 2018 WL 4378167, at \*2 (internal citation omitted). Discovery cannot be conducted on paper in the abstract, based on recycled, rote, and generic objections and assertions, from the sanctity of outside counsel's desk. A lawyer's obligation is to interrogate a client's documents and then cogently respond on the basis of that acquired knowledge. Defendant has frustrated this process at every turn.

In sum, Defendant's non-compliant responses violate this Court's order on the original motion to compel. (And the failure to produce a single responsive document leads the Court to infer that there has been an intentional side-stepping of the Court's clear directive). "Objections in these terms are inappropriate. This Court is unlikely to

5

tolerate them again." *Fowler v. Vary*, No. 20-CV-9586, 2022 WL 3211638, at *15 (S.D.N.Y. Aug. 9, 2022)

Compounding his folly, Defendant failed to file any response to Plaintiff's motion to compel until September 27, and then only submitting an untimely, unsigned letter that fails in any way to address any of the points in Plaintiff's motion (except to refer to it as "rubbish" and address the timing of mediation). (Resp. in Opp'n to Third Mot. for Discovery dated Sept. 27, 2023, Dkt. No. 37 at 2).[2] Plaintiff filed a proper motion, and Defendant failed to respond in any meaningful way. The Court grants the motion to compel and strikes Defendant's non-compliant responses. *E.g.*, *UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, No. A-17-CA-365, 2017 WL 8939954, at *2 (W.D. Tex. Oct. 27, 2017) ("The not-so-recent 2015 amendments to the discovery rules expressly disallowed general objections, requiring instead that responses be individualized, and 'state with specificity the grounds for objecting to [each] request.' Fed R. Civ. P. 34(b)(2)(B). Because Defendants' general objections fail to do so, they are ineffectual, and the Court thus STRIKES the General Objections." (alteration in original)).

Defendant must by **January 4, 2024**, do the following:

1. Provide revised written responses to Plaintiff's document requests that are complaint with the Federal Rules. Should Defendant file responses inconsistent with Rule 34 and this Order, he risks the Court's entry of adverse inference and default. Defendant should familiarize himself with Rule 34 before he submits a revised response, because further opportunities to provide Rule-compliant

---

[2] Any response to Plaintiff's motion to compel was due by September 13, 2023. *See* Individual Practices of Magistrate Judge Sanket J. Bulsara, IV.B.

6

responses will not be granted. If no responsive documents exist in response to a request, the response should so state.

2. Provide a declaration from a person with knowledge of the efforts undertaken to search for and produce responsive documents. The declaration should indicate the locations searched and indicate when and how the search was performed. The obligation to conduct a search extends not only to paper documents but emails and other electronic sources of information.

3. Produce no later than **January 11, 2024**, documents responsive to the requests. To the extent that there are responsive documents, and Defendant believes that they are irrelevant or privileged and wishes to withhold them on those bases or any other objection, he may no longer do so unilaterally. He has forfeited that right by not complying with Rule 34 or the Court's order in the first instance. He may only withhold such documents if he files a motion for a protective order with the Court seeking to avoid such production.

As noted, a failure to comply with this Order may result in sanctions, including adverse inferences or entry of default.

Separately, Defendant should provide a status report on his efforts to reschedule mediation by **December 21, 2023**.

SO ORDERED.

  /s/ *Sanket J. Bulsara* December 14, 2023
  SANKET J. BULSARA
  United States Magistrate Judge

Brooklyn, New York