September 30, 2024

Magistrate Judge Sanket J. Bulsara
Eastern District of New York
225 Cadman Plaza East
Chambers 304N, Courtroom 13C South
Brooklyn, New York 11201                    Re: Response to Aug. 29, 2024, Court Order
                                            Case No.: 1:23-cv-00049-LDH-SJB

Dear Judge Bulsara,

     To remind the Court, respectfully, I am Plaintiff Pro se in this matter. I write in response to Your Honor's August 29, 2024, Order.

     As an initial matter, thank You Your Honor for taking the time to implement the steps necessary move this case forward. It is greatly appreciated.

     Moreover, with respect to your directive to advise the Court of what facilities are available to conduct remote depositions at the Bureau of Prisons FCC Coleman Camp ("Camp"), I have been notified that remote depositions are possible through the Camp's video-conferencing technology. The Camp is able to provide a private room for as much time as is needed, with the requisite technology available. That being said, life at the Camp is inherently unpredictable in some ways. If any authority figure demands that the deposition halt for any reason (e.g., safety or some outside issue), I would be subject to that directive without power to continue the deposition at that time. Accordingly, in Your Honor's forthcoming order, Plaintiff respectfully requests that Your Honor include some language reflecting that if the deposition were to be interrupted for any reason outside of Plaintiff's control, that the proverbial 'clock' be paused at that moment, until such time as the deposition may resume in the normal course.

     Plaintiff also respectfully requests that he be permitted to depose Defendant Bical for a total of fourteen (14) hours: seven hours on the merits and seven hours on the discovery issues, as Bical is the custodian of records. *See* Aug. 29, 2024, Hearing Transcript ("Hr. Tr.") 7:13-16; 22:24-23:1 (explaining that Plaintiff might take "the substantive deposition along with the deposition that [Plaintiff] would need to perfect [the] document issues"). Fed. R. Civ. P. 30 provides that, unless otherwise stipulated or ordered, a deposition is limited to one day of seven hours. *See* Fed. R. Civ. P. 30(d)(1). The court may allow additional time consistent with Rule 26(b)(1) and (2) if needed to "fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1) "Although courts enjoy broad discretion in regulating the deposition process under Rule 26(b)(2)(A), courts should allow additional time when necessary for the deponent to be fairly examined. *See Rahman v. The Smith & Wollensky Rest. Grp., Inc.*, 2009 WL 72441, at *4 (S.D.N.Y. Jan. 7, 2009).

     Here, Plaintiff will essentially take two separate depositions of Defendant Bical. **First,** substantively on the merits. This case, fundamentally about legal services rendered that were not paid for, is targeted at this juncture solely at Defendant. Defendant is a key witness to the most

1

pertinent facts. Moreover, this case is unique in that Plaintiff's questioning will span a 25-year relationship between Plaintiff and Defendant, and will touch on at least ten separate legal matters, not just one. This is because there are ten underlying legal matters where Plaintiff alleges he performed legal services for Defendant, for which Plaintiff alleges that Defendant has (unlawfully) failed to remit payment. Any one of these matters might provide enough fodder for a single deposition – let alone multiplying the amount of factual material by ten times. Plaintiff requires this additional time to fully explore the contours of the case on these multiple issues with the case's key witness. *See Amley v. Sumitomo Mitsui Banking Corporation*, 2021 WL 22060, at *1 (S.D.N.Y. Jan 4. 2021) (allowing fourteen hours to depose "the key witness in this case" and citing case law holding that where there are multiple "incidents" that the witness will be questioned on, the opposing party has the right to "investigate and question the [party] with regard to each of the incidents that form the basis of [the] claims") (citation omitted); *Arista Records LLC v. Lime Grp. LLC*, 2008 WL 1752254, at *2 (S.D.N.Y. Apr. 16, 2008) (granting additional hours of testimony even though the "very significant witness in the case" had already been deposed for fourteen hours).

**Second**, Plaintiff will depose Defendant in his capacity as custodian of records and affirmant of discovery compliance. To be sure, Defendant has provided sworn testimony**, one-hundred nineteen (119) times, *under penalties of perjury***, that he produced certain documents to Plaintiff or that such documents are not in possession custody or control of certain documents. *See* ECF No. 43. These 119 requests span hundreds if not thousands of documents. To that end, a number of the requests are directed at Defendant Bical's corporate entities, as he is a high-level corporate executive in at least five different entities. *See* Def. Interog. Responses Dkt. No. 33-4 at 3-4. Plaintiff has already highlighted how Defendant Bical's responses contain egregious misrepresentations worthy of severe sanctions. *See* ECF No. 44. As noted at the August 29, 2024, conference, "where the defendant here has submitted a declaration saying, I produced the documents in my possession and this – and there are no more documents, the typical practice is for the opposing party to take the deposition of that person to explore what is said in that declaration." Hr. Tr. 4:8-13. Plaintiff seeks severe sanctions on these issues, and needs the appropriate amount of time to explore them fully. *See Allen v. Dairy Farmers of America, Inc.*, 2011 WL 13444243, at *2-3 (D. Vt. Apr. 15, 2011) (granting request to depose corporation's "significant executive" for 14 hours where the executive was to testify on the merits and as the custodian of records). Accordingly, Plaintiff respectfully submits that he be permitted to depose Defendant Bical for fourteen hours, with the reservation that if more time is needed, Plaintiff may seek leave of the Court to request same.

With respect to the timeline, Plaintiff respectfully requests additional time to respond to Defendant's requests for production of documents. On September 3, 2024, Defendant served requests for production on Plaintiff for the first time, despite the case being almost two years old. Plaintiff's current situation, even with assistance from outside individuals, provides difficulty in accessing, reviewing, analyzing, and responding to Defendant's requests. Moreover, Defendant was allotted well over six months to provide responsive documents to Plaintiff's requests for production – Plaintiff's document requests deemed served May 2023, responses not forthcoming until January 2024. *See* ECF No 43. Thus, Plaintiff requests that he be given an additional month, until December 27, 2024, to respond to Defendant's requests for production. This does not prejudice Defendant, who again, waited almost two years to serve requests – clearly in no rush. Plaintiff intends on providing fulsome responses. He just asks that he be given more time to do so under the circumstances.

2

Along similar lines, Plaintiff submits that Defendant's deposition be tentatively set for mid-late February 2025. This should allow for adequate time for Plaintiff to receive the file and prepare accordingly. Further, as Defendant refused to meaningfully patriciate in the case up until this juncture, this proposal is fair and reasonable. Plaintiff further suggests that Plaintiff's deposition be set for some time in mid-late April 2024 for similar reasons, in addition to preparation for the potential future depositions of Nadia Bical and Frances Doria, as well as additional subpoenas that Plaintiff may serve.

I thank You very much for Your attention to this matter.

Very truly yours,

Stuart H. Finkelstein

To all Counsel via ECF