October 1, 2024


Magistrate Judge Sanket J. Bulsara
Eastern District of New York
225 Cadman Plaza East
Chambers 304N, Courtroom 13C South
Brooklyn, New York 11201                    Re: Response to Aug. 29, 2024, Court Order
                                            Case No.: 1:23-cv-00049-LDH-SJB

Dear Judge Bulsara,

      I write in response to Defendant's letter filed earlier today. *See* ECF No. 53.

      Plaintiff will be brief. Defendant appears to oppose Plaintiff's request for an order allowing Plaintiff to depose Defendant for 14 hours. Though, at the outset, it is not entirely clear that Defendant actually does oppose Plaintiff's request. Defendant's letter is hard to follow. But one thing is clear: Defendant agrees that additional deposition time is warranted. To be sure, Defendant cites *Gibbs v. American School For The Deaf*, 2007 WL 1079992 (D. Conn. Apr. 4, 2007). But in *Gibbs*, the Court did exactly as Plaintiff requests here: granted the request for an additional seven hours of testimony. *See Gibbs*, 2007 WL 1079992 at *1. And in *Bender v. Del Valle*, 2007 WL 1827839 (S.D.N.Y. June 25, 2007), the Court specifically noted that it was not granting the request for additional hours because 1) there was only a "single altercation" at issue, and 2) the Court had already permitted additional hours of testimony. *See Bender*, 2007 WL 1827839, at *3. And in *Carmody v. Village of Rockville Centre*, 2007 WL 2177064 (E.D.N.Y. July 27, 2007), the Court likewise granted an additional three hours of testimony, even where the deponent was only to be questioned on "discrete issues." *Carmody*, 2007 WL 2177064, at *4.

      Here, as outlined, there is voluminous material that Plaintiff must explore. Not the least of which are ten separate legal matters, the nature and history of the relationship between the parties, and Defendant's wide-spread discovery abuses. Defendant appears to take issue with Plaintiff's intention to explore the ten underlying legal matters. That makes little sense, given that such matters underpin this entire case. Further, Plaintiff's request for seven additional hours is not a "fishing expedition." To the contrary, the "25-year relationship" between Plaintiff and Defendant is extremely relevant here. The very elements of quantum meruit are grounded in the nature of the relationship between the parties i.e., their course of dealing and course of performance – such circumstances are ripe for seven hours of additional testimony. *See Accent Delight International Ltd. v. Sotheby's*, 2020 WL 86826, at *10, 12 (S.D.N.Y. Jan. 6, 2020) (where topics include nature of the parties' relationship and multiple underlying commercial matters, fourteen hours of deposition testimony may be appropriate).

      For good measure, contrary to Defendant's position, Plaintiff has not suggested that the deposition be continued for 14 straight hours in one day, or even on two consecutive days. Plaintiff is ready willing and able to work with Defendant to come to mutually agreeable terms on the dates and times of the deposition, even if there need be two seven hour stints on non-consecutive days.

      Plaintiff's request for seven additional hours is well-grounded – especially given Defendant's near-total discovery obfuscation thus far. Defendant's own conduct has put himself in this position where significant discovery abuses have occurred that must be explored. Plaintiff

re-iterates his request for the additional time as it is made in good faith and is necessary to the prosecution of the action.

       I thank You very much for Your attention to this matter.

                                   Very truly yours,

                                   Stuart H. Finkelstein

To all Counsel via ECF