UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

STUART H. FINKELSTEIN,

                Plaintiff,

    -against-

LILAAHAR BICAL,

               Defendant.

---------------------------------------------------------X

**MEMORANDUM AND ORDER**
23-CV-49 (LDH) (TAM)

**TARYN A. MERKL,** United States Magistrate Judge:

    Plaintiff Stuart Finkelstein initiated this action against Defendant Lilaahar Bical alleging breach of contract, unjust enrichment, and other claims related to unpaid legal fees. (*See* Compl., ECF No. 1.) Plaintiff now seeks leave to amend to assert claims against corporate entities involved in the dispute and to modify existing claims. (*Compare* Compl., ECF No. 1, *with* Proposed Am. Compl., ECF No. 56-1.) For the reasons set forth below, the Court grants Plaintiff's motion to amend.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff's core allegations in the complaint, which was filed on January 4, 2023, rest on "Defendant's unlawful refusal to pay for professional services rendered." (Compl., ECF No. 1, at 1.) Defendant filed an answer on February 13, 2023. (Answer, ECF No. 10.) The Hon. Sanket J. Bulsara held an initial conference and set the initial case schedule on June 30, 2023. (July 5, 2023 ECF Min. Entry & Order.) The order entered after the initial conference states in relevant part: "all discovery shall be completed by 11/30/2023. Judge DeArcy Hall will set the deadline for any dispositive motion practice. Any discovery requests previously served shall be deemed served as of

1

6/30/2023." (*Id.* (alteration omitted).) Neither at this time nor at any subsequent time did Judge Bulsara set a deadline after which no amendments to the pleadings would be permitted.

On November 18, 2024, Plaintiff filed a motion for leave to file an amended complaint. (Notice of Mot., ECF No. 55, at 1.) Plaintiff seeks to amend to "include the Bical Corporate Entities at issue that may have benefited from some of the underlying legal services" for which Plaintiff alleges Defendant owes him money, and for which Plaintiff further alleges the companies may be jointly and severally liable. (Mot. to Amend, ECF No. 56, at 2–3.) According to the proposed amendments, which the Court assumes to be true for purposes of the motion, two of the matters alleged in the original complaint "were performed solely for [Defendant] personally and do not arguably implicate corporate liability in any way." (Proposed Am. Compl., ECF No. 56-1, ¶ 17.) Eight of the matters, however, encompassing "approximately one-third of the damages alleged, may implicate the Bical Corporate Entities," which Plaintiff seeks to add as defendants in the proposed amended complaint. (*Id.* ¶ 19.) For each pre-existing cause of action, Plaintiff seeks to add details regarding the work he did for the proposed corporate defendants. (*See, e.g., id.* ¶ 37.) The proposed amended complaint retains the same claims against Defendant Bical. (*See id.* ¶¶ 68–100.) Plaintiff alleges different damages amounts against Defendant Bical and the corporate entities, but does not seek to adjust the overall damages sought. (*Compare* Compl., ECF No. 1, ¶¶ 40, 49, *with* Proposed Am. Compl., ECF No. 56-1, ¶¶ 52, 67, 73.) Plaintiff argues that he has established good cause to amend. (Mot. to Amend, ECF No. 56, at 13–16.)

Defendant opposes Plaintiff's motion. (*See* Mem. of L. in Opp'n to Pl.'s Mot. for Leave to File Am. Compl. ("Response"), ECF No. 60.) Defendant argues that the Court should deny Plaintiff's motion because Plaintiff has not established good cause to

2

amend at this time. (*Id.* ¶¶ 1–4 (arguing that Plaintiff "could have added the relevant corporate entities" as defendants at the time of filing).) Defendant further claims that amendment would result in "undue delay and severe prejudice to the defendant," notwithstanding Defendant's own requests to delay this litigation. (*Id.* ¶ 2; *see, e.g.*, Letter Mot. to Stay, ECF No. 41; First Mot. for Extension of Time to File, ECF No. 58.) In support of the claim that further delay would prejudice him, Defendant argues that two years of litigation have already passed, and that adding five defendants will make discovery more burdensome. (Response, ECF No. 60, ¶ 7.) Defendant provides very little information to quantify this purported burden. (*See id.* ¶¶ 7–8.)

On January 16, 2025, Plaintiff filed a reply brief. (Reply in Supp. of Mot. for Leave to File Am. Compl. ("Reply"), ECF No. 61.) In the Reply, Plaintiff argues that Defendant has failed to meet his burden to show bad faith or prejudice. (*See generally id.*)

The Court initially scheduled a hearing on the motion to amend, but adjourned that hearing at Plaintiff's request. (Feb. 26, 2025 ECF Scheduling Order; Letter, ECF No. 62 (requesting adjournment); Mar. 3, 2025 ECF Order.) At Plaintiff's request and on consent of Defendant, the Court makes this determination based solely on the previously-submitted briefing. (*See* Letter, ECF No. 62, at 1.)

## DISCUSSION

### I. Legal Standards

Rule 15(a)(1) sets the standard for amending the pleadings as a matter of course. "A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Rule

3

15(a)(2) states that, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

As to the timing of amendments, the Second Circuit has observed that: "At the outset of the litigation, a [party] may freely amend her pleadings pursuant to Rule 15(a)(1) as of right *without* court permission." *Sacerdote v. New York University*, 9 F.4th 95, 115 (2d Cir. 2021) (emphasis added). Once the Rule 15(a)(1) period for amendment as a matter of course ends, the party "must move the court for leave to amend, but the court should grant such leave 'freely . . . when justice so requires' pursuant to Rule 15(a)(2)." *Id.* "This is a 'liberal' and 'permissive' standard, and the only 'grounds on which denial of leave to amend has long been held proper' are upon a showing of 'undue delay, bad faith, dilatory motive, . . . futility,'" or undue prejudice. *Id.* (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) (addressing undue prejudice); *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).

The period of Rule 15(a)(2) "liberal" amendment ends "if the district court issues a scheduling order setting a date after which no amendment will be permitted." *Sacerdote*, 9 F.4th at 115. While it is still possible for a party to amend the pleadings even after such a deadline, such amendments are governed by Rule 16(b)(4)'s heightened "good cause" standard. *See id.* Rule 16(b)(4) states: "A schedul[ing] [order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "'good cause' inquiry is primarily focused upon the diligence of the movant in attempting to comply with the existing Scheduling Order." *Ramchandani v. CitiBank Nat'l Ass'n*, 616 F. Supp. 3d 353, 357 (S.D.N.Y. 2022). "A party is not considered to have acted diligently where the proposed amendment is based on information that the party knew, or should have known, in advance of the motion deadline." *Guity v. Uniondale*

4

*Union Free Sch. Dist.*, No. 12-CV-1482 (SJF) (AKT), 2014 WL 795576, at *4 (E.D.N.Y. Feb. 27, 2014). Additionally, "[t]he burden of demonstrating good cause rests with the movant." *Ramchandani*, 616 F. Supp. 3d at 357. The decision whether to grant or deny a Rule 15 motion lies "within the sound discretion of the district court." *LaBarbera v. Audax Const. Corp.*, 971 F. Supp. 2d 273, 284 (E.D.N.Y. 2013).

In *Sacerdote*, the Second Circuit clarified that "[d]istrict courts wishing to evaluate motions for leave to amend under Rule 16 after a particular date need only write their scheduling orders consistent with that intent, and state that no amendment will be permitted after that date in order to trigger the Rule 16 standard." *Sacerdote*, 9 F.4th at 116. For instance, the scheduling order in *Sacerdote* provided: "Amended pleadings may not be filed, and no party may be joined, without leave of Court more than 10 days after the filing of this Order or the filing of a responsive pleading, whichever occurs first." *Id.* at 114. Interpreting that scheduling order language, the court determined that the order's ten-day deadline for amending without leave of court set "no expiration date after which all amendments were prohibited, which would have triggered the stricter Rule 16(b)(4) 'good cause' standard thereafter." *Id.* at 115.

Accordingly, under *Sacerdote*, scheduling orders without language *prohibiting* amendments after a date certain do not trigger Rule 16(b)(4), meaning that proposed amendments should be analyzed under Rule 15. *See, e.g., Hossain v. Unilever U.S., Inc.*, No. 21-CV-2833 (FB) (TAM), 2023 WL 4405654, at *3–4 (E.D.N.Y. July 7, 2023); *Demopoulos v. United Metro Energy Corp.*, No. 19-CV-5289 (FB) (RLM), 2022 WL 2390986,

at *1 (E.D.N.Y. July 1, 2022); *Cherotti v. Exphand, Inc.*, No. 20-CV-11102 (SLC), 2022 WL 2108604, at *6 (S.D.N.Y. June 10, 2022).[1]

## II. Analysis

With the proposed amended complaint, Plaintiff seeks to add allegations closely related to his original claims, including details as to the services he provided for Defendant for the benefit of Defendant's corporate entities. (*See* Proposed Am. Compl., ECF No. 56-1, ¶¶ 35–67 (listing claims against corporate entities and Defendant Bical); *id.* ¶¶ 68–100 (listing claims against Defendant Bical).) Plaintiff seeks the same total amount of damages in each complaint. (*Compare* Compl., ECF No. 1, at 7, *with* Proposed Am. Compl., ECF No. 56-1, at 14.) Plaintiff contends that amending the complaint is warranted because amendment would not be futile and because good cause exists to justify amendment. (Mot. to Amend, ECF No. 56, at 8–16.)[2]

As set forth above, in this case, neither the initial scheduling order nor any subsequent order set a final deadline for amending the pleadings. (*See* July 5, 2023 ECF Min. Entry & Order.) Additionally, nothing in the record limits the time to file a motion

---

[1] In *Demopoulos*, the scheduling order read: "Pleadings may be amended and new parties added until February 21, 2020." *Demopoulos*, 2022 WL 2390986, at *1 (quoting *Demopoulos*, No. 19-CV-5289 (FB) (RLM), Dec. 12, 2019 ECF Minute Entry, ECF No. 13). The *Demopoulos* court concluded that "[t]he deadline can reasonably be interpreted as restricting only the amendment of pleadings *without* leave, because the order did not specify a date after which amendments *with* leave of court are prohibited." *Id.* In *Cherotti*, the case scheduling order read, in pertinent part: "Amended Pleadings due by 8/23/2021." *Cherotti*, No. 20-CV-11102 (SLC) (S.D.N.Y), June 23, 2021 ECF Order, ECF No. 27. The *Cherotti* court found that "the [case management plan] (ECF No. 27) set no such deadline, i.e., a 'date after which all amendments were prohibited, which would have triggered the stricter Rule 16(b)(4) "good cause" standard thereafter.'" *Id.* at *6 (quoting *Sacerdote*, 9 F.4th at 115). The court concluded that "the more lenient standard of Rule 15(a)(2) governs Plaintiffs' Motion to Amend." *Id.*

[2] Plaintiff also argues that Defendant cannot show prejudice because any additional discovery would be minimal and would not derail the case's progress. (Mot. to Amend, ECF No. 56, at 16–19.)

6

to amend, and the Court declines to infer any such intent from the prior orders in light of the liberal spirit of Rule 15. Moreover, the Court finds that the scheduling order at issue here is actually more permissive than the orders at issue in *Sacerdote*, *Demopoulos*, and *Cherotti*; each set a deadline for filing amendments without specifying that further amendments were prohibited. (*See id.*) *See Sacerdote*, 9 F.4th at 114; *Demopoulos*, 2022 WL 2390986, at *1; *Cherotti*, 2022 WL 2108604, at *6. Given that the scheduling order here did not use particularized language *prohibiting* amendments after a certain date, Rule 15(a)(2) is the appropriate standard for evaluating applications to amend the pleadings and there is no need consider whether the movant meets the stricter Rule 16(b)(4) "good cause" standard both parties briefed.[3]

Under Rule 15, amendments are permitted "'in the absence of a showing by the nonmovant of prejudice or bad faith.'" *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (quoting *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010)); *see also Foman*, 371 U.S. at 182 (explaining that undue prejudice may justify denying amendment requests).

Here, Defendant has not shown prejudice or bad faith sufficient to overcome the liberal standard for amendment under Rule 15. Defendant mentions bad faith and prejudice but does not provide support for how they are shown here. (*See* Response, ECF No. 60, ¶¶ 7–8.) Defendant's primary argument is that Plaintiff should have amended earlier, and that the Court should exercise its discretion to deny this motion because Plaintiff knew of the proposed additional defendants and has failed to show good cause for the delay. (Response, ECF No. 60, ¶¶ 4–5.) In support of this argument,

---

[3] The Court notes that the papers suggest that both parties appear to have been operating under the incorrect premise that the "good cause" standard applies to this motion. (*See* Mot. to Amend, ECF No. 56, at 13–16; Response, ECF No. 60, ¶ 2.)

7

Defendant primarily relies upon evidence that Plaintiff had access to information about the work performed, billing records, and relevant corporate entities earlier in the case. (*See id.* ¶¶ 3–7.)[4]

Although it would likely have been preferable for Plaintiff to raise all available claims at the earliest opportunity to promote efficiency, Defendant has not shown that Plaintiff's failure to do so has unduly prejudiced or will unduly prejudice him here. "[T]he burdens of increased discovery, standing alone, do not suffice to show undue prejudice." *Partner Reinsurance Co. v. RPM Mortg., Inc.*, No. 18-CV-5831 (PAE), 2020 WL 6690659, at *13 (S.D.N.Y. Nov. 13, 2020); *see also Alicea v. City of New York*, No. 16-CV-7347 (JLR), 2023 WL 3724131, at *3 (S.D.N.Y. May 30, 2023) ("Undue prejudice . . . requires more than an 'adverse party's burden of undertaking discovery' or the expenditure of additional time, effort, or money." (citing *U.S. ex rel Mar. Admin v. Cont'l Ill. Nat'l Bank & Tr. Co.*, 889 F.2d 1248, 1255 (2d Cir. 1989))). It is certainly possible additional discovery may be needed, but the Court does not find that the prejudice Defendant may suffer is undue. The burdens of additional discovery while the discovery period is open do not preclude granting Plaintiff permission to amend at this stage in the case under Rule 15. The Court also finds that the record does not demonstrate bad faith such that Plaintiff should be denied leave to amend given the permissive standard applicable here. *Sacerdote*, 9 F.4th at 115.

---

[4] Defendant also avers that Plaintiff is acting in bad faith without attempting to support that claim in any way. (*See* Response, ECF No. 61, ¶ 7.) As noted above, Defendant himself has tried to delay this litigation. (*See, e.g.*, Letter Mot. to Stay, ECF No. 41; First Mot. for Extension of Time to File, ECF No. 58.) Especially given the liberal Rule 15 standard at issue here, the Court will not construct a bad faith argument on Defendant's behalf out of whole cloth and declines to find bad faith here.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend is granted. Plaintiff is directed to file the amended complaint by April 16, 2025, along with the proposed summons for the newly-added Defendants.

**SO ORDERED.**

Dated: Brooklyn, New York
April 2, 2025

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE