UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| STUART H. FINKELSTEIN ESQ., | : |
| | : AMENDED COMPLAINT |
| Plaintiff, | : |
| | : Case No.: 1:23-cv-00049 |
| - against - | : |
| | : TRIAL DEMANDED |
| | : |
| | : Hon. L. DeArcy Hall |
| | : Hon. Taryn A. Merkl |
| LILAAHAR BICAL, | : |
| KRISTAL AUTO MALL CORP., | : |
| BICAL CHEVROLET CORPORATION, | : |
| NADIA DEVELOPMENT, LLC | |
| BICAL REALTY CORP., | |
| BICAL DEVELOPMENT INC., | |
| | |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## INTRODUCTION

Plaintiff Stuart H. Finkelstein Esq., ("Plaintiff" or "SHF") brings this action against Defendants Lilaahar 'Sammy' Bical ("Sammy"), Kristal Auto Mall Corporation, Bical Chevrolet Corporation, Nadia Development, LLC, Bical Realty, Corp., and Bical Development Inc., (collectively, "Bical Corporate Entities"), for Defendants' unlawful refusal to pay for professional services rendered. Despite numerous good faith attempts to collect the balance owed, Defendants have refused to remit payment for years of legal work that Plaintiff performed for Defendants. Defendants' conduct amounts to an inequity that the law does not allow. Accordingly, Plaintiff, based on information and belief, except as otherwise expressly stated as based on Plaintiff's personal knowledge, alleges as follows:

## PARTIES

1. At all times relevant to this complaint, Plaintiff Stuart H. Finkelstein was an attorney duly admitted to practice law in the state of New York.

2. Plaintiff is a citizen of the state of Florida.

1

3. Defendant Lilaahar Sammy Bical is a resident of the State of New York.

4. Defendant Kristal Auto Mall Corporation is a privately-held corporation organized under the laws of the state of New York.

5. Defendant Bical Chevrolet Corporation is a privately-held corporation organized under the laws of the state of New York.

6. Defendant Nadia Development, LLC, is a limited liability company organized under the laws of the state of New York.

7. Defendant Bical Realty, Corp. is a privately-held corporation organized under the laws of the state of New York.

8. Defendant Bical Development Inc., is a privately-held corporation organized under the laws of the state of New York.

9. At all times relevant to this complaint, Sammy owned, and/ or managed and/ or operated a General Motors dealership. During the early 2000's through approximately mid-2017, the dealership was located at 5200 Kings Highway, Brooklyn, NY 11234. In approximately early 2018, the dealership and its business were moved to a new location, 2859 Flatbush Avenue Brooklyn, New York 11234 (both locations collectively, the "Dealership").

10. All five of the Bical Corporate Entities have an ownership or management role in the business dealings of the Dealership.

11. This action arises out of Defendants' transaction of business within New York State.

## JURISDICTION

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332. This is a controversy between citizens of different states, in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

**VENUE**

13. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events, omissions, and the material breach giving rise to Plaintiff's claims occurred in this District. In addition, the Defendants' principal place of business is located in this District. Defendant also performs substantial amounts of business in this District.

**FACTUAL ALLEGATIONS**

14. This is an action to recoup unpaid legal fees, disbursements, expenses, and costs in connection with legal work that Plaintiff performed for Defendants over the course of three and a half years.

15. In or about October 2017, Sammy engaged Plaintiff to perform various legal services on his behalf.

16. The legal services pertained to numerous commercial matters concerning Sammy's businesses including the General Motors car Dealership owned/ managed/ and/ or operated by Sammy, as well as a number of matters regarding Sammy's personal dealings. The legal services provided by Plaintiff underpinning this lawsuit concern legal work pertaining to ten (10) matters.

17. Two of the matters, which together encompass approximately two-thirds of the damages alleged, were performed solely for Sammy personally and do not arguably implicate corporate liability in any way: 1) *CLM v. Bical* ("CLM") and 2) *Bical v. Bical – Matrimonial*. ("Matrimonial").[1]

18. Specifically, in the CLM matter, Plaintiff represented and performed legal work for Sammy individually (and only Sammy individually) in multiple lawsuits and legal proceedings –

---

[1] The matter descriptions herein reflect the matters as described in the invoices sent to Defendants and the itemized billing entries related thereto.

none of the work on the CLM matter implicated any of the Bical Corporate Entities. Similarly, with respect to the Matrimonial matter, the services performed were for Sammy individually as he and his wife contemplated marriage dissolution.

19. Conversely, eight of the matters, reflecting Plaintiff's legal work on issues occurring in connection with the business operations at the Dealership, and representing approximately one-third of the damages alleged, may implicate the Bical Corporate Entities: *Bical v. Redcom*; *Verdugos & United Rentals v Bical*; *Bical v. Airtemp Mechanical Services*; *Bical v. Benenson*; *Pollack v. OP Development et al*; *Bical Personal Injury Suits Review*; *Gravesend Flag Co. v. Bical*; and *Bical v. Topaz*.

20. For example, with respect to the *Bical v. Benenson* matter, captioned *S&S Cadillac Motors Corporation, et. al. v Benenson, OP Development, et. al.* Index No.: 3273/2018 (Kings County Supreme Court), although the matter implicated certain corporate entities, the matter was litigated by Plaintiff on behalf of Sammy *individually*, (where Sammy is personally named in the case caption), as well as certain corporate entities.

21. All five of the Bical Corporate Entities are listed as "active" with the New York Department of State Division of Corporations.

22. The Dealership operates under the guise and authority of all five Bical Corporate Entities, and there is no distinction between any specific entity and any specific department at the Dealership.

23. The Bical Corporate Entities are liable for any legal issue that occurs in connection with the operations and business of the Dealership.

24. The parties memorialized their arrangement through a series of oral and written agreements.

25. The parties further memorialized their relationship through their ongoing course of conduct.

26. At Sammy's request, SHF performed near continuous legal services for Defendants from in or about October 2017 through in or about March 2021.

27. Throughout the relevant time period, SHF provided invoices to Defendants, carefully itemized, with each entry containing the date, a description of the work performed, the time expended, the rate charged and the amount due, owing, and payable for services rendered.

28. During the course of the representation, Sammy has made some partial payments of thousands of dollars on his account, although the full balance has not been remitted. For example, in March 2019, Sammy paid Plaintiff $10,000.00 for legal services rendered.

29. At all times material, Plaintiff had the expectation of getting paid the full amount due and owing for his legal services. Plaintiff never would have agreed to perform these services without securing Defendants' promise that they would remit full payment.

30. Plaintiff's records, as well as records in Defendants' possession, custody, and control, include hundreds of documents reflecting the legal services performed. This includes, but is not limited to a myriad of pleadings, emails, drafts, correspondence, and litigation files, as well as his invoices related thereto, which detail the nearly continuous work on Defendants' behalf from October 2017, through March 2021.

31. Defendants were well aware of the legal services being performed, were in consistent communication with Plaintiff regarding the services, and happily accepted Plaintiff's legal services

32. Plaintiff fully completed all of the legal services for which he was hired.

33. Plaintiff always expected to be fully and fairly compensated for his services.

34. In connection with the above-described services, the amount that remains unpaid to Plaintiff totals $306,980.98, exclusive of pre and post judgment interest, which continues, and will continue to accrue, and which Plaintiff is also entitled.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT
**(As to the Bical Corporate Entities and Sammy)**

35. Plaintiff repeats and realleges each of the foregoing allegations as if set forth fully herein.

36. Defendants entered into a contract with SHF pursuant to which Plaintiff agreed to perform legal services for Defendants and, in consideration thereof, Defendants agreed to pay for the performance of those services and any sums necessarily advanced by Plaintiff for the account and benefit of Defendant.

37. Specifically, Plaintiff performed legal work on eight matters involving the Dealership, performed at Defendants' behest, and that implicate the Bical Corporate Entities. The eight matters are *Bical v. Redcom*; *Verdugos & United Rentals v Bical*; *Bical v. Airtemp Mechanical Services*; *Bical v. Benenson*; *Pollack v. OP Development et al*; *Bical Personal Injury Suits Review*; *Gravesend Flag Co. v. Bical*; and *Bical v. Topaz*.

38. Defendants agreed to pay for such legal services at the agreed upon rate and to reimburse Plaintiff for all expenses and disbursement relating thereto.

39. Defendants have breached their contract with Plaintiff in that they have failed, refused, and neglected to pay the sum due of $104,250.00.

40. By reason of Defendants' breach of contract, Plaintiff has sustained damages in the amount of One Hundred Four Thousand Two Hundred Fifty Dollars and Zero Cents ($104,250.00.) and is entitled to recover that amount.

**SECOND CAUSE OF ACTION**
**QUANTUM MERUIT**
(As to the Bical Corporate Entities and Sammy)

41.     Plaintiff repeats and re-alleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

42.     Between in or about October 2017 and in or about March 2021 Plaintiff rendered legal services and made disbursements in connection with his representation of Defendants, which benefited Defendants and had a reasonable value of not less than $104,250.00, which remains unpaid, due, and owing.

43.     Defendants received value in the form of legal services that Plaintiff rendered in connection with multiple commercial matters and representations in New York state courts and in connection with the multiple commercial matters that were handled and/ or resolved without judicial intervention. The relevant matters are *Bical v. Redcom*; *Verdugos & United Rentals v Bical*; *Bical v. Airtemp Mechanical Services*; *Bical v. Benenson*; *Pollack v. OP Development et al*; *Bical Personal Injury Suits Review*; *Gravesend Flag Co. v. Bical*; and *Bical v. Topaz*. The legal services included all aspects of legal representation including drafting pleadings, motions, appeals, emails, correspondence, court appearances, negotiations, strategizing, internal discussions, and much more – all reflected in the previously transmitted invoices and time entries.

44.     Defendants accepted Plaintiff's legal services without objection.

45.     In fact, Defendants and/ or their agents were in consistent and constant communication with Plaintiff during the relevant time period to help effectuate the legal work.

46.     Far from any claim of "non-acceptance," Defendants gleefully enjoyed and aided in all of Plaintiff's legal services without providing the compensation owed for same.

47. Although Defendants benefited from these services, they have refused and failed to make the payments to Plaintiff for the services rendered.

48. Plaintiff expected to be fully and fairly compensated for his services.

49. Plaintiff mailed multiple bills and invoices to Defendants detailing the compensation owed.

50. The amounts contained in unpaid invoices sent to Defendants reflect the fair and reasonable value of Plaintiff's legal services and disbursements.

51. Plaintiff repeatedly sent Defendants numerous letters reminding Defendants of their debts and insisting they be paid forthwith.

52. By reason of the foregoing, Defendants are liable to Plaintiff in *quantum meruit* in an amount of not less than $104,250.00 in connection with the reasonable value of the legal services that Plaintiff provided.

**THIRD CAUSE OF ACTION**
**ACCOUNT STATED**
**(As to the Bical Corporate Entities and Sammy)**

53. Plaintiff repeats and re-alleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

54. During the period from approximately October 2017 through March 2021, Plaintiff rendered work, labor, and services on behalf and for the benefit of the Defendants with respect to the matters: *Bical v. Redcom*; *Verdugos & United Rentals v Bical*; *Bical v. Airtemp Mechanical Services*; *Bical v. Benenson*; *Pollack v. OP Development et al*; *Bical Personal Injury Suits Review*; *Gravesend Flag Co. v. Bical*; and *Bical v. Topaz*.

55. In connection with such services, Plaintiff submitted various invoices and statements of account to Defendants setting forth the services rendered, and the sums advanced by Plaintiff with respect to the legal matters for which Defendants had retained Plaintiff.

56. Defendants received and retained the invoices, and accepted these invoices as correct by failing to question or object to the time entries or rates contained in them within a reasonable time after receipt.

57. Defendants have an outstanding balance of $104,250.00.

58. While Defendants previously made partial payments of thousands of dollars on their accounts, they have not remitted the outstanding balance owed.

59. Plaintiff has demanded payment of the foregoing amount numerous times, but Defendants have failed, refused, and neglected to remit payment for the balance owed.

60. By reason of the foregoing, an account has been stated between Plaintiff and Defendants for the sum of $104,250.00.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT
**(As to the Bical Corporate Entities and Sammy)**

61. Plaintiff repeats and realleges each of the foregoing allegations as if set forth fully herein.

62. Plaintiff performed extensive legal services for Defendants with respect to the matters: *Bical v. Redcom*; *Verdugos & United Rentals v Bical*; *Bical v. Airtemp Mechanical Services*; *Bical v. Benenson*; *Pollack v. OP Development et al*; *Bical Personal Injury Suits Review*; *Gravesend Flag Co. v. Bical*; and *Bical v. Topaz*.

63. During the time that Plaintiff was providing the Defendants with legal services, Defendants knew that Plaintiff was conferring these benefits upon them in full expectation of receiving payment from the Defendants.

9

64. By doing so, Defendants acquiesced to and accepted Plaintiff's performance, thereby creating a contract implied in law and an obligation to pay for the legal services provided.

65. Defendants received the benefits of Plaintiff's legal services and expenses, and used Plaintiff's attorney work product without paying in full the fair and reasonable value thereof.

66. Defendant's acceptance and retention of the benefits bestowed upon them by Plaintiff's performance under the circumstances described herein make it inequitable and unjust for Defendant to retain these benefits without providing full and fair compensation.

67. By reason of the foregoing, Defendant is liable to Plaintiff for unjust enrichment in an amount of not less than $104,250.00 in connection with the reasonable value of the legal services that Plaintiff provided.

### FIFTH CAUSE OF ACTION
### BREACH OF CONTRACT
### (As to Sammy)

68. Plaintiff repeats and realleges each of the foregoing allegations as if set forth fully herein.

69. Sammy entered into a contract with Plaintiff pursuant to which Plaintiff agreed to perform legal services for Sammy and, in consideration thereof, Sammy agreed to pay for the performance of those services and any sums necessarily advanced by Plaintiff for the account and benefit of Sammy.

70. Plaintiff performed legal work for Sammy personally on the matters *CLM v. Bical* ("CLM") and 2) *Bical v. Bical – Matrimonial* ("Matrimonial").

71. Sammy agreed to pay for such legal services at the agreed upon rate and to reimburse Plaintiff for all expenses and disbursement relating thereto.

72. Sammy has breached his contract with Plaintiff in that he has failed, refused, and neglected to pay the sum due of $202,730.98

73. By reason of Sammy's breach of contract, Plaintiff has sustained damages in the amount of Two Hundred Two Thousand Seven Hundred Thirty Dollars and Ninety-Eight Cents ($202,730.98) and is entitled to recover that amount.

**SIXTH CAUSE OF ACTION**
**<u>QUANTUM MERUIT</u>**
**(As to Sammy)**

74. Plaintiff repeats and re-alleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

75. Between in or about October 2017 and in or about March 2021 Plaintiff rendered legal services and made disbursements in connection with his representation of Sammy, which benefited Sammy, and had a reasonable value of not less than $202,730.98, which remains unpaid, due, and owing.

76. Sammy received value in the form of legal services that Plaintiff rendered in connection with the CLM Matter and the Matrimonial matter. The legal services included all aspects of legal representation including drafting pleadings, motions, appeals, emails, correspondence, court appearances, negotiations, strategizing, internal discussions, and much more –all reflected in the previously transmitted invoices and time entries.

77. Sammy accepted Plaintiff's legal services without objection.

78. In fact, Sammy and/ or his agents were in consistent and constant communication with Plaintiff during the relevant time period to help effectuate the legal work.

79. Far from any claim of "non-acceptance," Sammy gleefully enjoyed and aided in all of Plaintiff's legal services without providing the compensation owed for same.

80. Although Sammy benefited from these services, he has refused and failed to make the payments to Plaintiff for the services rendered.

81. Plaintiff expected to be fully and fairly compensated for his services by Sammy.

82. Plaintiff mailed multiple bills and invoices to Sammy detailing the compensation owed.

83. The amounts contained in unpaid invoices sent to Sammy reflect the fair and reasonable value of Plaintiff's legal services and disbursements

84. Plaintiff repeatedly sent Sammy numerous letters reminding Sammy of his debts and insisting they be paid forthwith.

85. By reason of the foregoing, Defendants are liable to Plaintiff in *quantum meruit* in an amount of not less than $202,730.98 in connection with the reasonable value of the legal services that Plaintiff provided.

### SEVENTH CAUSE OF ACTION
### ACCOUNT STATED
### (As to Sammy)

86. Plaintiff repeats and re-alleges the allegations set forth in the foregoing paragraphs as if fully set forth herein.

87. During the period from approximately October 2017 through March 2021, Plaintiff rendered work, labor, and services on behalf and for the benefit of the Sammy with respect to the CLM matter and the Matrimonial matter.

88. In connection with such services, Plaintiff submitted various invoices and statements of account to Sammy setting forth the services rendered, and the sums advanced by Plaintiff with respect to the legal matters for which Sammy had retained Plaintiff.

89. Sammy received and retained the invoices, and accepted these invoices as correct by failing to question or object to the time entries or rates contained in them within a reasonable time after receipt.

90. Sammy has an outstanding balance of $202,730.98.

91. While Defendants previously made partial payments of thousands of dollars on their accounts, they have not remitted the outstanding balance owed.

92. Plaintiff has demanded payment of the foregoing amount numerous times, but Defendants have failed, refused, and neglected to remit payment for the balance owed.

93. By reason of the foregoing, an account has been stated between Plaintiff and Defendants for the sum of $202,730.98.

## EIGHTH CAUSE OF ACTION
## UNJUST ENRICHMENT
**(As to Sammy)**

94. Plaintiff repeats and realleges each of the foregoing allegations as if set forth fully herein.

95. Plaintiff performed extensive legal services for Sammy with respect to the CLM matter and the Matrimonial matter.

96. During the time that Plaintiff was providing Sammy with legal services, Sammy knew that Plaintiff was conferring these benefits upon him in full expectation of receiving payment from the Sammy.

97. By doing so, Sammy acquiesced to and accepted Plaintiff's performance, thereby creating a contract implied in law and an obligation to pay for the legal services provided.

98. Sammy received the benefits of Plaintiff's legal services and expenses, and used Plaintiff's attorney work product without paying in full the fair and reasonable value thereof.

13

99. Sammy's acceptance and retention of the benefits bestowed upon him by Plaintiff's performance under the circumstances described herein make it inequitable and unjust for Sammy to retain these benefits without providing full and fair compensation.

100. By reason of the foregoing, Sammy is liable to Plaintiff for unjust enrichment in an amount of not less than $202,730.98 in connection with the reasonable value of the legal services that Plaintiff provided.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

a. **Declaratory Relief**: For an order declaring that Defendants' conduct violates the statutes and laws referenced herein such that he is indebted to Plaintiff for the amount of $306,980.98;

b. **Monetary Damages/Restitution/Disgorgement**: For an order awarding, as appropriate under the various causes of action asserted herein, compensatory damages, incidental damages, including disbursements, monetary damages, and restitution for an amount not less than $306,980.98, where Sammy is jointly and severally liable for the full sum, and the Bical Corporate Entities are jointly and severally liable for the sum of $104,250.00, in connection with the Bical Corporate Entity legal services.

c. **Punitive Damages**: For an order awarding punitive damages;

d. **Attorneys' Fees & Costs**: For an order awarding attorneys' fees and costs, as well as disbursements associated with this action;

e **Pre/Post-Judgment Interest**: For an order awarding pre/ post-judgment interest; and

f. **All Just and Proper Relief**: For any and all other and further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action so triable.

14

Dated: April 15, 2025

                    Respectfully submitted,
By:   *s/s*_____
Stuart H. Finkelstein
Pro se Plaintiff
FCC Coleman Low camp
Coleman, Florida 33521
(352) 689-4000

## CERTIFICATE OF SERVICE

Under penalties of perjury, I declare that the foregoing has been served on all counsel of record via the *pro se* electronic filing system for the Eastern District of New York to e-serve and forward on my behalf to all interested parties on the 15th day of April, 2025.

By: Stuart H. Finkelstein
/S/ Stuart H. Finkelstein

15