**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
STUART FINKELSTEIN, ESQ.,

                Plaintiff,

-against-

LILAAHAR BICAL,
KRISTAL AUTO MALL CORP.,
BICAL CHEVROLET CORPORATION,
NADIA DEVELOPMENT, LLC,
BICAL REALTY CORP.,
BICAL DEVELOPMENT INC.,

                Defendants.
-----------------------------------------------------------------X

Case No.: 1:23-cv-00049 (LDH)(TAM)

**ANSWER TO THE AMENDED COMPLAINT**

Defendants, LILAAHAR BICAL ("LILAAHAR"), KRISTAL AUTO MALL CORP. ("KRISTAL"), BICAL CHEVROLET CORPORATION ("BICAL CHEVROLET"), NADIA DEVELOPMENT, LLC ("NADIA"), BICAL REALTY CORP. ("BICAL REALTY"), and BICAL DEVELOPMENT INC. ("BICAL DEVELOPMENT") (collectively "Defendants") by their attorneys LaBonte Law Group, PLLC, answer the Amended Complaint of STUART FINKELSTEIN ("Plaintiff"), as follows:

## INTRODUCTION

1. Defendants deny the allegations in the "Introduction" paragraph of the Amended Complaint.

## PARTIES

2. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1", "2", "9" and "11" of the Amended Complaint.

3. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Amended Complaint except admit that KRISTAL is a New York State domestic corporation.

4. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Amended Complaint except admit that BICAL CHEVROLET is a New York State domestic corporation.

5. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Amended Complaint except admit that NADIA is a New York State domestic limited liability company.

6. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Amended Complaint except admit that BICAL REALTY is a New York State domestic corporation.

7. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Amended Complaint except admit that BICAL DEVELOPMENT is a New York State domestic corporation.

8. Defendants deny the allegations contained in paragraph "10" of the Amended Complaint.

## JURISDICTION

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Amended Complaint and respectfully refer all questions of law to the Court.

## VENUE

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Amended Complaint and respectfully refer all questions of law to the Court.

## FACTUAL ALLEGATIONS

11. Defendants deny the allegations contained in paragraphs "14", "15", "16", "17", "22", "23", "24", "25", "26", "27", "29", "30", "31", "32", "33" and "34" of the Amended Complaint.

12. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs "18", "19" and "20" of the Amended Complaint.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Amended Complaint and refer to the New York Department of State Division of Corporations website.

14. Defendants deny the allegations contained in paragraph "28" of the Amended Complaint except admit that LILAAHAR paid Plaintiff $10,000.00 as a final and complete payment for legal services rendered on *CLM v. Bical* matter.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**
**(As to the Bical Corporate Entities and Sammy)**

15. In response to paragraph "35" of the Amended Complaint, Defendants repeat and reallege each and every denial and responses hereinbefore made with the same force and effect as though the same were set forth at length in answer to paragraphs "1" through "34" of the Amended Complaint.

16. Defendants deny the allegations contained in paragraphs "36", "37", "38", "39" and "40" of the Amended Complaint.

**SECOND CAUSE OF ACTION**
**QUANTUM MERUIT**
**(As to the Bical Corporate Entities and Sammy)**

17.     In response to paragraph "41" of the Amended Complaint, Defendants repeat and reallege each and every denial and responses hereinbefore made with the same force and effect as though the same were set forth at length in answer to paragraphs "1" through "40" of the Amended Complaint.

18.     Defendants deny the allegations contained in paragraphs "42", "43", "44", "45", "46", "47", "48", "49", "50", "51" and "52" of the Amended Complaint.

**THIRD CAUSE OF ACTION**
**ACCOUNT STATED**
**(As to the Bical Corporate Entities and Sammy)**

19.     In response to paragraph "53" of the Amended Complaint, Defendants repeat and reallege each and every denial and responses hereinbefore made with the same force and effect as though the same were set forth at length in answer to paragraphs "1" through "52" of the Amended Complaint.

20.     Defendants deny the allegations contained in paragraphs "54", "55", "56", "57", "58", "59" and "60" of the Amended Complaint.

**FOURTH CAUSE OF ACTION**
**UNJUST ENRICHMENT**
**(As to the Bical Corporate Entities and Sammy)**

21.     In response to paragraph "61" of the Amended Complaint, Defendants repeat and reallege each and every denial and responses hereinbefore made with the same force and effect as though the same were set forth at length in answer to paragraphs "1" through "60" of the Amended Complaint.

22. Defendants deny the allegations contained in paragraphs "62", "63", "64", "65", "66" and "67" of the Amended Complaint.

## FIFTH CAUSE OF ACTION
## BREACH OF CONTRACT
### (As to Sammy)

23. In response to paragraph "68" of the Amended Complaint, Defendants repeat and reallege each and every denial and responses hereinbefore made with the same force and effect as though the same were set forth at length in answer to paragraphs "1" through "67" of the Amended Complaint.

24. Defendants deny the allegations contained in paragraphs "69", "71", "72" and "73" of the Amended Complaint.

25. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "70" of the Amended Complaint.

## SIXTH CAUSE OF ACTION
## QUANTUM MERUIT
### (As to Sammy)

26. In response to paragraph "74" of the Amended Complaint, Defendants repeat and reallege each and every denial and responses hereinbefore made with the same force and effect as though the same were set forth at length in answer to paragraphs "1" through "73" of the Amended Complaint.

27. Defendants deny the allegations contained in paragraphs "75", "76", "77", "78", "79", "80", "81", "82", "83", "84" and "85" of the Amended Complaint.

## SEVENTH CAUSE OF ACTION
## ACCOUNT STATED
## (As to Sammy)

28.    In response to paragraph "86" of the Amended Complaint, Defendants repeat and reallege each and every denial and responses hereinbefore made with the same force and effect as though the same were set forth at length in answer to paragraphs "1" through "85" of the Amended Complaint.

29.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "87" of the Amended Complaint.

30.    Defendants deny the allegations contained in paragraphs "88", "89", "90", "91", "92" and "93" of the Amended Complaint.

## EIGHTH CAUSE OF ACTION
## UNJUST ENRICHMENT
## (As to Sammy)

31.    In response to paragraph "94" of the Amended Complaint, Defendants repeat and reallege each and every denial and responses hereinbefore made with the same force and effect as though the same were set forth at length in answer to paragraphs "1" through "93" of the Amended Complaint.

32.    Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "95" of the Amended Complaint.

33.    Defendants deny the allegations contained in paragraphs "96", "97", "98", "99" and "100" of the Amended Complaint.

## AS AND FOR FIRST AFFIRMATIVE DEFENSE

34.     Plaintiff fails, in whole or in part, to state a cause of action upon which relief can be granted or which damages can be awarded under the applicable statute.

## AS AND FOR SECOND AFFIRMATIVE DEFENSE

35.     Plaintiff did not enter into any written retainer agreements with Defendants setting forth the terms and conditions of legal services to be rendered, including, rate of attorney's fee.

## AS AND FOR THIRD AFFIRMATIVE DEFENSE

36.     Plaintiff never issued any invoices or itemized billing statements to Defendants until the filing of the original Complaint.

## AS AND FOR FOURTH AFFIRMATIVE DEFENSE

37.     Plaintiff did not perform the alleged legal services set forth in the invoices and/or itemized billing statements.

## AS AND FOR FIFTH AFFIRMATIVE DEFENSE

38.     The rate of pay, work description and hours set forth in the invoices and/or itemized billing statements are not accurate and the entries were not recorded contemporaneously at the time that the work was performed or within reasonable time thereafter.

## AS AND FOR SIXTH AFFIRMATIVE DEFENSE

39.     Plaintiff's attorney's fees are exorbitant, excessive and/or unreasonable.

## AS AND FOR SEVENTH AFFIRMATIVE DEFENSE

40.     Plaintiff agreed to provide legal services at no charge in exchange for rent free office/work space provided by Defendants, and therefore, there was no agreement with Plaintiff to pay any legal fees.

## AS AND FOR EIGHTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims, in whole or in part, are barred by the relevant statute of limitation.

## AS AND FOR NINETH AFFIRMATIVE DEFENSE

42. Plaintiff's claims are barred because they are subject to arbitration as provided by New York law for any alleged dispute between a purported attorney and client.

## AS AND FOR TENTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred, in whole or in part, by equitable principles, including but not limited to, waiver, estoppel, laches, the after-acquired evidence doctrine, the unclean hands doctrine, and/or the election of remedies doctrine.

## AS AND FOR ELEVENTH AFFIRMATIVE DEFENSE

44. Defendants have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available, and therefore, reserve the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

**WHEREFORE**, the Defendants respectfully request that the Court:

(a) dismiss Plaintiff's Amended Complaint, and all causes of action contained therein, with prejudice and without cost or liability to Defendants;

(b) award Defendant costs, disbursements and fees, including reasonable attorney's fees; and

(c) for such other further relief as this Honorable Court deems just, proper and equitable.

[Intentionally Left Blank]

Dated: Jericho, New York
April 30, 2025

                                            LaBONTE LAW GROUP PLLC

                                            /s/ *Rick C. Kim*
                                            By:  Rick C. Kim, Esq.
                                            *Attorneys for Defendants*
                                            333 Jericho Turnpike Suite 200
                                            Jericho, NY 11753
                                            Tel:  (516) 280-8580
                                            E-Mail: rkim@labontelawgroup.com

To:    STUART FINKELSTEIN
         Via ECF and E-Mail

## **CERTIFICATE OF SERVICE**

STATE OF NEW YORK           )
                                                  ss.:
COUNTY OF NASSAU         )

      I, RICK C. KIM, hereby certify, pursuant to 28 U.S.C. § 1746, that the following is true and correct under penalty of perjury under the laws of the United States of America:

      I am not a party to the action, am over the age of eighteen (18) years and on April 30, 2025, I served the within ANSWER TO THE AMENDED COMPLAINT upon:

      STUART H. FINKELSTEIN
      FCC Coleman Camp
      846 NE 54th Terrace
      P.O. Box 1027
      Coleman, FL 33521-1027

by electronically filing a copy of the same via CM/ECF and by e-mailing a copy of the same to stuartfinkelstein@gmail.com.

Dated: Jericho, New York
      April 30, 2025

                                                  /s/ *Rick C. Kim*
                                                  RICK C. KIM