*** Filed ***
07:06 AM, 15 Sep, 2025
U.S.D.C., Eastern District of New York

September 15, 2025

Magistrate Judge Taryn A. Merkl
Eastern District of New York
225 Cadman Plaza East
Chambers 1420 South, Courtroom 13D South
Brooklyn, New York 11201

**Re: *Finkelstein v. Bical, et al.*, Case No.: 1:23-cv-00049-LDH-TAM, Status Update Re Court's May 12, 2025, Order**.

Dear Judge Merkl,

Plaintiff writes in response to the Court's May 12, 2025, Order requiring the parties "to file a joint status report by 9/15/2025, indicating the progress of discovery, any progress as to settlement discussions and whether the parties are prepared for a referral the EDNY Mediation Program, or a settlement conference before the Court." *See* May 12, 2025, Paperless Order.

As a preliminary matter, Plaintiff reached out to Defendants' counsel on September 10, 2025, regarding the Court's order requiring the parties to file a joint status report by September 15, 2025. Defendants' counsel did not respond to Plaintiff. As such, Plaintiff submits only his portion of the required status report.

**Progress of Discovery**. The parties have exchanged their final sets of written discovery. Specifically:

- on June 26, 2025 (and as corrected on July 1, 2025), Defendants served Plaintiff with sets of requests for admission, production of documents, and interrogatories.
    - Plaintiff responded to these requests on August 3, 2025.
- on June 30, 2025, Plaintiff served the new corporate Defendants with a set of requests for production of documents and interrogatories.
    - The corporate Defendants responded to these requests on August 4, 2025.
- on August 14, 2025, Defendants served their final set of interrogatories and requests for production of documents after the Court granted their request for a nunc pro tunc extension of time to serve additional discovery to August 28, 2025.
    - Plaintiff's responses to these requests are forthcoming.
- on August 28, 2025, Plaintiff served the new corporate Defendants with a final set of interrogatories.
    - The corporate Defendants' responses to these requests are forthcoming.

On August 27, 2025, Plaintiff filed a request for judicial intervention with respect to Defendants' deficient August 4, 2025, discovery responses which remains pending. *See* ECF No. 80. From Plaintiff's perspective, it is still unclear why Defendants have refused to correct their improper responses. Plaintiff has laid out the issues with the corporate Defendants' August 4, 2025, responses in great detail for the Court.

1

**Corporate Disclosure Statement**. Under Fed. R. Civ. P. 7.1, corporate parties are required to file their disclosure statement when they first appear or plead. The new corporate Defendants' disclosure statements were thus due, *at latest*, on April 30, 2025, when their filed their Answer to the Amended Complaint. Despite repeated insistence from Plaintiff, the corporate Defendants refuse to file their disclosure statements. This is wholly improper. They must file their disclosure statements forthwith.

**Timing**. Pursuant to the Court's May 12, 2025, Order, discovery is approaching completion by year's end. The Court ordered that depositions must be completed by October 15, 2025. At this time, given that 1) the parties are still preparing discovery responses, some of which are due only two+ weeks before the October 15, 2025 deposition deadline, 2) the ongoing substantive discovery dispute, ECF No. 80, and 3) logistical concerns previously outlined to the Court, Plaintiff believes that it is unlikely that the parties will be able to properly complete depositions in the current time frame. Plaintiff believes and requests that the deposition deadline be briefly extended to match up with the fact discovery deadline of December 15, 2025. Plaintiff reached out to Defendants' counsel to get their position on this issue, but Defendants' counsel did not respond to Plaintiff. Plaintiff submits that there is good cause to briefly extend only the deposition deadline. To be sure, there is no prejudice to any party through this request. To the contrary, this minimal extension of time is needed by all parties to allow for appropriate time to complete written and production discovery and to resolve the instant discovery dispute. The need for this extension could not have been anticipated earlier as it has been necessitated by the events unfolding in discovery. If the extension is granted, the parties will then have appropriate time to review the fully completed discovery responses, prepare for depositions, and proceed accordingly. Thus, Plaintiff respectfully requests that the Court grant a very brief extension of time to complete depositions only to the date that fact discovery is already set to be finalized, December 15, 2025.[1]

**Settlement/ Mediation**. There have no substantive settlement discussions to date. As noted in the previous status report at ECF No. 68, since the inception of this matter, Plaintiff has been willing to come to the table and engage in meaningful settlement dialogue. Unfortunately, Defendant Bical has previously feigned interest in mediation, only to spurn the Court and Plaintiff at the last minute on numerous occasions. *See e.g.*, ECF No. 36 (explaining that the parties previously worked for two months to schedule and confirm a mediation but immediately once that mediation session started, Defendant Bical's counsel indicated he had no settlement authority, and his client could not even attend that mediation).

In the parties' previous status report, they agreed that no mediation or settlement conference is in order until the completion of depositions and/ or discovery. *See* ECF No. 68 at 1, 3. Plaintiff believes that is still the case. Plaintiff submits that the Court might consider ordering a settlement conference or mediation at some time in December 2025 or January 2026 – but only if Defendants will approach same in good faith.

I thank You very much for Your attention to this matter.

---

[1] To the extent the Court requires a formal motion to extend the deposition deadline, Plaintiff will of course again attempt to confer with Defendants' counsel on this issue and file a motion if needed.

Very truly yours,


Stuart H. Finkelstein
/s/ *Stuart H. Finkelstein*
Pro se Plaintiff
FCC Coleman Low Camp
Coleman, Florida 33521
(352) 689-4000


To all Counsel via ECF