October 8, 2025

Magistrate Judge Clay H. Kaminsky
Eastern District of New York
225 Cadman Plaza East
Chambers 505 North, Courtroom 504 North
Brooklyn, New York 11201

        Re: *Finkelstein v. Bical, et al.*, Case No.:
        1:23-cv-00049-LDH-CHK, Supplement
        to ECF No. 80 to Compel Discovery

Dear Judge Kaminsky,

    To remind the Court, respectfully, I am Plaintiff in this matter. I write to briefly supplement Plaintiff's letter, ECF No. 80 ("Letter") in support of Plaintiff's request for an order compelling Defendants Kristal Auto Mall Corp., Bical Chevrolet Corporation, Nadia Development, LLC, Bical Realty Corp., and Bical Development Inc. (collectively, the "Corporate Defendants") to properly respond to Plaintiff's discovery requests, now also including Plaintiff's August 28, 2025, interrogatories which responses were due September 29, 2025, but which the Corporate Defendants did not respond to.

    Plaintiff's ECF No. 80 Letter addresses the Corporate Defendants' responses to Plaintiff's June 30, 2025 requests for production and interrogatories. Plaintiff then served a final round of *three* brief interrogatories on August 28, 2025. The responses to these interrogatories were due September 29, 2025. The Corporate Defendants did not provide any responses by the 29th. Nor did they write to Plaintiff in advance of the deadline and confer regarding a potential extension. Instead, they wrote to me the day *after* the deadline, and unilaterally set a new deadline to their liking – again, no conferral, just unilaterally bending rules and setting deadlines at their pleasure. Plaintiff responded that this was the third time that the Corporate Defendants engaged this behavior (ignoring a deadline, writing to Plaintiff after the deadline, and unilaterally setting their own deadline) since counsel's entrance into the case in May 2025. When counsel feigned a conferral attempt after the fact just to cover himself, I asked what there was to further confer about. Counsel did not respond. *See* emails exchanged, a true and correct copy of which are attached hereto as "Exhibit A."

    This, coupled with the obstructionist behavior of the last three years is more than a pattern, it is a systemic abuse of the judicial process. To be sure, it is difficult to find *any* deadline that Defendants have properly adhered to in this case.[1] Accordingly, in

---

[1] Worse still, this is the same unacceptable pattern of conduct perpetuated by Defendant Lilaahar Bical, who manages and controls the Caproate Defendants, since the inception of this case almost three years ago. *See e.g.*, February 14, 2023, Paperless Order (where Bical filed his Answer to the Complaint three days after it was due (after he was already given an extension of time), Judge Bulsara ordered Bical to move to avoid a default); ECF No. 21

1

anticipation of the upcoming discovery conference, Plaintiff supplements his requests in his Letter and also requests that the Court order the Corporate Defendants to fully respond to Plaintiff's August 28, 2025, interrogatories, a true and correct copy of which are attached hereto as "Exhibit B."

Wherefore, Plaintiff reiterates and supplements his request at ECF No 80. I thank the Court very much for Your attention to this matter.

Very truly yours,

Stuart H. Finkelstein

/s/ *Stuart H. Finkelstein*
Pro se Plaintiff
141 NW 1st Avenue
Dania Beach, Florida  33004

To all Counsel via ECF
SHF

---

(noting that Bical ignored deadline to respond to motion to compel); ECF No. 40 (harshly admonishing Bical for inappropriate discovery responses and noting that Bical ignored deadline to oppose Plaintiff's motion to compel for two weeks, only to eventually file a barebones response describing the motion as "rubbish"); ECF No. 46 (noting that, after Plaintiff filed motion for default against Bical, Bical refused to submit any opposition papers within appropriate deadline); ECF No. 57 (after Plaintiff filed his Motion for leave to amend the complaint, Bical ignored deadline to oppose the motion for over three weeks, and it sat unopposed for over a month until the Court eventually allowed a *nunc pro tunc* response); ECF No. 78 (after Judge Merkl set hard deadline for production request and interrogatories, Corporate Defendants ignored the deadline, did not confer with Plaintiff prior to the deadline, served additional discovery and attempted to mandate that Plaintiff substantively respond).

2

# EXHIBIT A



Stuart Finkelstein <stuarthfinkelstein@gmail.com>

# Finkelstein v. Bical, et al., No. 1:23-cv-00049-LDH-TAM (E.D.N.Y.)
5 messages

**Stuart Finkelstein** <stuarthfinkelstein@gmail.com>   Thu, Aug 28, 2025 at 10:07 PM
To: Joshua Levin-Epstein <joshua@levinepstein.com>, Jason Mizrahi <jason@levinepstein.com>

Josh & Jason,

I write on behalf of Plaintiff regarding the above-referenced matter.

Attached please find Plaintiff's Second Set of Interrogatories to Defendants Kristal Auto Mall Corp., Bical Chevrolet Corporation, Nadia Development, LLC, Bical Realty, Corp., and Bical Development Inc., to be answered within 30 days.

Thank you.

-Stuart H. Finkelstein

📄 **Plaintiff's Second Interrogatories to Corp Defs - 08_28_25.pdf**
177K

**Jason Mizrahi** <Jason@levinepstein.com>   Tue, Sep 30, 2025 at 12:53 PM
To: Stuart Finkelstein <stuarthfinkelstein@gmail.com>, Joshua Levin-Epstein <Joshua@levinepstein.com>

Mr. Finkelstein,

Good afternoon. Our office has had limited availabilities this month, due to conflicting religious obligations.

We will provide you with our client's responses by October 10, 2025.

Thank you.

_____

Jason Mizrahi, Esq.

Levin-Epstein & Associates, P.C.

420 Lexington Avenue, Suite 2458

New York, NY 10170
Office: (212) 792-0048
Mobile: (301) 758-7351
Email: Jason@levinepstein.com



*The information contained in this transmission, including attachments, is strictly confidential and intended solely for and the use by the intended recipients. This email may be protected by the attorney-client privilege, work-product doctrine, or other*

*applicable legal or professional protections. If you are not the intended recipient, please be notified that any retention, use, disclosure, dissemination, distribution or copying of this email is strictly prohibited, kindly notify us of your inadvertent receipt of the email, by return email, destroy any printouts and delete any electronic copies. Any waiver of any privilege which might otherwise arise from this email being sent to, or received by, an unintended recipient is hereby expressly disclaimed. No attorney-client relationship is created by virtue of a recipients receipt of this email in error. Thank you.*

[Quoted text hidden]

---

**Stuart Finkelstein** <stuarthfinkelstein@gmail.com>      Thu, Oct 2, 2025 at 7:51 PM
To: Jason Mizrahi <jason@levinepstein.com>
Cc: Joshua Levin-Epstein <joshua@levinepstein.com>

Counselor,

Your responses to Plaintiff's August 28, 2025, interrogatories were due September 29, 2025. Instead of conferring with respect to an extension *before* the deadline, you disregarded it, wrote to me after the deadline, and unilaterally set a new deadline to your liking. This is the third time you have done this since your entrance into the case. It is unacceptable.

If you do not provide your responses by COB tomorrow, we will advise the judge accordingly.

Vty,
Stuart H. Finkelstein

[Quoted text hidden]

---

**Jason Mizrahi** <Jason@levinepstein.com>      Fri, Oct 3, 2025 at 10:34 AM
To: Stuart Finkelstein <stuarthfinkelstein@gmail.com>
Cc: Joshua Levin-Epstein <Joshua@levinepstein.com>

Mr. Finkelstein,

Please advise on your availability for a meet-and-conferral call to address this discovery issue.

[Quoted text hidden]

---

**Stuart Finkelstein** <stuarthfinkelstein@gmail.com>      Fri, Oct 3, 2025 at 11:26 AM
To: Jason Mizrahi <Jason@levinepstein.com>
Cc: Joshua Levin-Epstein <Joshua@levinepstein.com>

Counselors,

What is there to speak about? You (for the third time) ignored a deadline, refused to provide responses, and, once again, set your own new deadline to do so. And you also just said you're going to give me responses on the 10th because of office issues. But now you can confer? And again, confer about what?

This appears to be pure inappropriate gamesmanship to feign a conferral attempt to distract from the conduct.

Vty,
Stuart H. Finkelstein

[Quoted text hidden]

# EXHIBIT B

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
STUART H. FINKELSTEIN ESQ.,                   :
                                              :
                                              :
                  Plaintiff,                  :   Case No.: 1:23-cv-00049
                                              :
     - against -                              :
                                              :
                                              :   Hon. L. DeArcy Hall
                                              :   Hon. Taryn A. Merkl
LILAAHAR BICAL,                               :
  KRISTAL AUTO MALL CORP.,                    :
  BICAL CHEVROLET CORPORATION,                :
  NADIA DEVELOPMENT, LLC
  BICAL REALTY CORP.,
  BICAL DEVELOPMENT INC.,

                  Defendants.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - --X
```

**PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANTS KRISTAL AUTO MALL CORP., BICAL CHEVROLET CORPORATION, NADIA DEVELOPMENT, LLC, BICAL REALTY CORP., & BICAL DEVELOPMENT INC.**

Plaintiff Stuart H. Finkelstein, Esq. ("Plaintiff" or "SHF"), hereby serves his second set of Interrogatories upon Defendants Kristal Auto Mall Corporation, Bical Chevrolet Corporation, Nadia Development, LLC, Bical Realty, Corp., and Bical Development Inc., to be answered within 30 days pursuant to Fed. R. Civ. P. 33.

### I.  DEFINITIONS

1. This "Action" means the above-captioned matter, *Stuart H. Finkelstein, v. Lilaahar Bical, et al.*, pending in the Eastern District of New York, Case No. 1:23-cv-00049.

2. The "Amended Complaint" means Plaintiff's Amended Complaint filed in this Action at ECF No. 65.

3. The "Answer" shall mean Defendants' Answer and Affirmative Defenses to the Amended Complaint filed in this Action at ECF No. 67.

4. "Bical" shall mean Defendant Lilaahar Bical and his, agents, affiliates, attorneys, officers, employees and all persons acting or purporting to act on his behalf.

5. "Kristal" shall mean Defendant Kristal Auto Mall Corp., and its agents, affiliates, attorneys, officers, employees and all persons acting or purporting to act on its behalf.

6. "Bical Chevrolet" shall mean Defendant Bical Chevrolet Corporation, and its agents, affiliates, attorneys, officers, employees and all persons acting or purporting to act on its behalf.

7. "Nadia Development" shall mean Defendant Nadia Development, LLC, and its agents, affiliates, attorneys, officers, employees and all persons acting or purporting to act on its behalf.

8. "Bical Realty" shall mean Defendant Bical Realty Corp., and its agents, affiliates, attorneys, officers, employees and all persons acting or purporting to act on its behalf.

9. "Bical Development" shall mean Defendant Bical Development Inc., and its agents, affiliates, attorneys, officers, employees and all persons acting or purporting to act on its behalf.

10. The "Corporate Defendants" or "You" shall collectively mean the corporate entity defendants that were added to this Action through the Amended Complaint: Kristal Auto Mall Corp., Bical Chevrolet Corporation, Nadia Development, LLC, Bical Realty Corp., and Bical Development Inc., and their agents, affiliates, attorneys, officers, employees and all persons acting or purporting to act on their behalf individually or collectively.

11. The "Dealership" means the General Motors car dealership that is owned, managed, controlled, and/ or operated by Defendants that was once located at 5200 Kings Highway, Brooklyn, NY 11234, but is now located at 2859 Flatbush Avenue Brooklyn, New York 11234.

12. "SHF" or "Plaintiff" shall mean Plaintiff Stuart H. Finkelstein and his respective agents, affiliates, attorneys, officers, employees and all persons acting or purporting to act on his behalf.

13. The "Underlying Representations" shall mean the underlying matters that which SHF alleges he performed legal services that benefited Defendants as outlined in the Amended Complaint. The matters include *Bical v. Redcom*; *Verdugos & United Rentals v Bical*; *Bical v. Airtemp Mechanical Services*; *Bical v. Benenson*; *Pollack v. OP Development et al*; *Bical Personal Injury Suits Review*; *Gravesend Flag Co. v. Bical*; *CLM v. Bical*; *Bical v. Topaz*; and *Bical v. Bical – Matrimonial*.

14. All capitalized terms unless otherwise defined herein shall have the meaning set forth in the Complaint filed in this action.

15. The term "Communication" shall mean any oral statement, dialogue, conversation, written notation, Document, ESI or other transfer of thoughts or ideas between persons by any means.

16. The term "Correspondence" shall mean all letters, telegrams, notices, messages, memoranda, e-mails, writing, or other written Communication, or other records of conversations, meetings, conferences or other oral Communications.

17. "Substantia[ting]", "Pertaining", "Substantiate," "Substantiates", "Referring," "Related," "Relate", "Relates" or "Relating" means Referring to, describing, evidencing or constituting or having a relationship with a subject or issue.

18. "And" and "or" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any document or information that might otherwise be construed to be outside its scope.

19. "Any" means one or more.

20. "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

21. The term "identify" shall mean:

    (a) To describe fully and in detail by reference to underlying facts rather than by reference to ultimate facts or conclusions of fact or law; and

    (b) Where applicable, to particularize as to (i) time, (ii) place, and (iii) manner; and

    (c) For a person, name last known address, and telephone number; and

    (d) For an event, time, place, persons present, or description; and

    (e) To set forth all relevant facts necessary to the complete understanding of the person, act, process, event, or thing in question.

## II.    INSTRUCTIONS

For purposes of responding to this First Set of Interrogatories, the following instructions shall apply:

1. In each of Your answers to these interrogatories, You are requested to provide not only such information as is in Your possession, but also all information as is reasonably available,

whether or not it is in Your possession. In the event You are able to provide only part of the information called for by any particular interrogatory, provide all of the information You are able to provide and state the reason for Your inability to state the remainder.

2. If You object to, or otherwise decline to answer, any portion of any interrogatory, please provide all information called for in that portion of the interrogatory to which You do not object or to which You do not decline to answer. If You object to an interrogatory on the ground that it is too broad (i.e., that it calls both for information which is relevant to the subject matter of the action and for information which is not relevant), please provide such information as You concede to be relevant. If You object to an interrogatory on the ground that it would constitute an undue burden to provide an answer, please provide such requested information as can be supplied without undertaking such undue burden. For those portions of any interrogatory to which You object or otherwise decline to answer, state the reason for such objection or declination.

3. Each Interrogatory shall be answered separately and fully in writing, under oath, unless it is objected to, in which event the reasons for each objection must be stated in lieu of the answer.

4. Grammar and syntax as used in these interrogatories shall be construed and interpreted to give proper meaning to its context. By way of illustration, and not by way of limitation, the singular may be construed to include the plural, the plural to include the singular, and the use of any gender or tense may be construed to include all genders and tenses.

5. If You object to fully identifying a document or oral communication because of a privilege, You must nevertheless provide the following information, unless divulging the information would disclose the privileged information:

    (a) the nature of the privilege claimed (including work product);

    (b)    if the privilege is being asserted in connection with a claim or privilege governed by state law, the state privilege rule being invoked;

    (c)    the date of the document or oral communication;

    (d)    if a document: its type (correspondence, memorandum, facsimile, etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

    (e)    if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

    (f)    the general subject matter of the document or oral communication.

6.    Unless otherwise stated in a specific request below, the operative time frame for Your Answers is January 1, 2017, to April 2021.

### III.    INTERROGATORIES

1)    Explain and describe what operations of the Dealership that each Corporate Defendant is responsible for, and identify all facts, documents, and circumstances supporting the contentions.

    **ANSWER**:

-7-

  2) Describe the relationship, to the extent there was or is any, between any of the Corporate Defendants and the following entities: "S&S Cadillac Motors Corporation" and "S&S Chevrolet Motors Corporation." Identify i ) whether any of the Corporate Defendants is a successor or in any related to S&S Cadillac Motors Corporation and/ or S&S Chevrolet Motors Corporation and ii) what the relationship was and/ or is.

  **ANSWER**:

  3) Explain what role and/ or position that Defendant Lilaahar Bical maintained during the relevant time period with each Corporate Defendant. In answering the foregoing, please state what Defendant Lilaahar Bical's title was and/ or is regarding each of the Corporate Defendants e.g., CEO, CFO, etc. Regardless of any formal title, identify Defendant Lilaahar Bical's de facto role and scope of duties with respect to each Corporate Defendant during the relevant time period.

  **ANSWER**:

                                                                             -8-

_____
On behalf of
KRISTAL AUTO MALL CORP.,
BICAL CHEVROLET CORPORATION,
NADIA DEVELOPMENT, LLC
BICAL REALTY CORP.,
BICAL DEVELOPMENT INC.

as _____

STATE OF NEW YORK          }
                                      }ss:
COUNTY OF _____          }

      BEFORE ME, the undersigned personally appeared _____ and who being first duly sworn by me, under oath deposes and says that he/she executed the foregoing Answers to Plaintiff's Interrogatories and that they are true and correct based upon his/her own personal knowledge on this _____ day of _____, 2025.

_____
Notary Public

_____
Print, Type or Stamp Name of
Notary Public

Personally known_____ or

Type of identification produced_____.