December 12, 2025

Magistrate Judge Clay H. Kaminsky
Eastern District of New York
225 Cadman Plaza East
Chambers 504 North, Courtroom 505 North
Brooklyn, New York 11201

                         Re: *Finkelstein v. Bical, et al.*, No.:1:23-cv-00049, LDH-KHM, Status Update Pursuant to Court's November 24, 2025, Order

Dear Judge Kaminsky,

       I write in response to the Court's November 24, 2025, Order requiring the parties to file "a joint status report" by December 12, 2025. While Plaintiff and Defendants' counsel engaged a productive meet and confer today, due to technical issues, the parties were not able to submit a joint filing. As such, Plaintiff submits only his portion of the required status report.

1. **The Outstanding Issues With Respect To Defendants' Responses to Plaintiff's June 30, 2025, Discovery Requests**.

         ***a. Defendants Refuse to Confirm That They Are Not Withholding Responsive Documents***.

       Plaintiff served his Requests for Production of Documents and Interrogatories on the new corporate Defendants on June 30, 2025. After much handwringing, Defendants finally withdrew many objections, but still refuse to provide complete responses. At the heart of the matter is Defendants' refusal to confirm that they are not withholding any responsive documents in response to Plaintiff's June 30, 2025, Requests.

       On November 24, 2025, the Court ordered Defendants to "re-send" their discovery responses that they falsely[1] represented that they sent to Plaintiff on October 22, 2025. To that end, Defendants

---

[1] During the November 24, 2025, Conference, Plaintiff was quite stunned when Mr. Mizrahi began summarily dismissing Plaintiff's issues with Defendants' August 4, 2025, responses, repeatedly stating he "fixed" the issues through amended responses allegedly served on October 22, 2025 (Tr. 7:1-5). Plaintiff was stunned because he never received *any* amended responses, on October 22 or otherwise. In fact, the parties did not confer on the issues *until that very date,* October 22. As Plaintiff suspected, and has confirmed, Defendants did not send Plaintiff anything on October 22, nor could they have. Defendants' **October 23, 2025**, letter, ECF No. 92, states: "*Following the **October 22, 2025, meet-and-conferral**, Defendants have further agreed to provide supplemental responses to non-objectionable requests contained in Plaintiff's June 30, 2025 discovery requests **on or before October 31, 2025***." So, the day *after* Defendants claim they sent amended responses, Defendants told the Court that amended responses would be forthcoming within 9 days. Defendants could not have and did not send amended responses on October 22 – indeed, if they did, they would have forwarded the October 22 email transmitting same on November 24, which they did not do. Bottom line: Defendants did not serve any amended responses on October 22, 2025, and their statement to the Court that they did is patently false.

1

emailed Plaintiff later that day with amended written responses that withdrew over 20 objections to individual document requests. While that is facially good progress, Defendants' actual document production contained the *exact same* 725 pages that they sent Plaintiff on August 4, 2025. Plaintiff immediately emailed Defendants' counsel and asked if that was a mistake – because, presumably, with many less objections, there would be more documents. If not, and the same 725 pages is all that Defendants will produce, okay. Unfortunately, Defendants refused to provide Plaintiff with a straight answer.[2] Plaintiff followed up on this *five times,* but Defendants continue to play games. Indeed, this was made clear during the parties' December 5, 2025, meet & confer, where Defendants' counsel stated that he may have "some more documents but we'll see." That is completely improper and will, unfortunately, once again require court intervention.

### b. *Improper Subpoena*

On December 12, 2025, Defendants filed an "Affidavit of Service for Subpoena Duces Tecum served on Wells Fargo." ECF No. 99. Defendants flagrantly violated Fed. R. Civ. P. 45(a)(4), which requires that "*before* it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Not only did Defendants not serve Plaintiff with the subpoena "before" serving on the bank, but they have not served Plaintiff with the subpoena *at all*. Defendants must serve Plaintiff, and this unacceptable and bad faith conduct must end. Moreover, although they should have emailed the subpoena to the bank (the bank's website specifically indicates where to email subpoenas) they instead chose to hard copy mail only, adding needless delay of days, if not weeks, until delivery in light of Holiday postal activity.

### c. *Tax Returns*

At the November 24, 2025, Conference, Defendants stated they would be producing tax documents (Tr. 28:20-23), which are clearly within the purview of Plaintiff's June 30, 2025, Requests. To date, Defendants refuse to provide these documents or provide Plaintiff with any meaningful update regarding same, although the Requests were sent over four months ago.

### d. *Refusal to Amend and Verify Interrogatory Responses*

Defendants continue to refuse to answer Plaintiff's very basic interrogatories with respect to the corporate structure of Defendants' businesses, as well as the role and scope of certain individuals at the car Dealership at issue. *See* Defendants' October 14, 2025, and November 24, 2025, Interrogatory Responses. Defendants' refusal to answer very basic questions will likely require motion practice. Defendants also refuse to properly verify their November 24, 2025, interrogatory responses, which they must do forthwith.

2. **The Purported Outstanding Issues With Respect To Plaintiff's Responses To Defendants' June 26 and July 23, 2025, Discovery Requests**.

The parties met & conferred regarding Plaintiff's responses to Defendants' June 26, and July 23, 2025, requests. Defendants' complaints about Plaintiff's responses are mostly not based in reality. *First*, the notion that Plaintiff has not "substantively" responded to Defendants' discovery requests is

---

[2] Plaintiff repeatedly asked if, despite the documents being the same 725 pages they sent Plaintiff four months ago, the documents that Defendants' counsel sent Plaintiff on November 24, 2025, were the complete set of responsive documents in connection with Defendants' November 24 amended responses to Plaintiff's June 30, 2025, requests for production. Defendants refused to answer.

not only wrong, but it is absurd. With respect to documents, Plaintiff produced approximately 285 numerically marked documents spanning 1,700+ pages over a year ago to prior counsel, representative of the full slate of documents that Plaintiff has. Defendants new counsel knows this, *as they literally took some of those documents Plaintiff produced a year ago and reproduced them to Plaintiff on August 4, and November 24, 2025*. While Defendants new counsel already had these documents, Plaintiff followed the Court's directive and sent all responsive documents to new counsel again. Defendants' contention that Plaintiff has not provided any substantive responses is absolutely false and ridiculous on its face.

*Second*, to the extent Defendants complain that the documents are not "bates stamped," this is a manufactured non-issue. The documents are numerically marked, and fully accessible to Defendants. Defendants are free to categorize/ label the documents for their own use/ record keeping as they wish. Moreover, in his written responses, Plaintiff repeatedly referred Defendants to the documents sent simultaneously therewith, just as Defendants did in their responses.

*Third*, regarding Defendants' Interrogatories, Plaintiff objected where necessary, and fully responded to the best of his knowledge. On today's meet and conferral call, Defendants' counsel clarified certain matters with respect to the phrasing of Defendants' interrogatories. In light of same, Plaintiff will review his interrogatory responses again to consider whether any amendment is needed, and will reconvene with Defendants accordingly.

*Finally*, Plaintiff objected to Defendants' document requests and interrogatories because they were objectionable. What Plaintiff also did, and unlike Defendants, is make clear that notwithstanding his objections, *he is not withholding any documents* – the proper way to object and still respond under Rule 34. <u>Plaintiff has given Defendants all that he has</u>. Period.

Given Defendants' actions, including their delay tactics and multiple requests for extensions of time, as well as Plaintiff's diligence in this case and his severe medical issues/ upcoming procedures previously mentioned to the Court, Plaintiff anticipates moving for a brief extension of time to complete fact discovery through at least February 27, 2025.

I thank the Court very much for Your time and attention to this matter.

              Very truly yours,

              Stuart H. Finkelstein
              <u>/s/ *Stuart H. Finkelstein*</u>
              Pro se Plaintiff
              141 NW 1st Avenue
              Dania Beach, Florida  33004
              stuarthfinkelstein@gmail.com

To all Counsel via ECF