*** Filed ***
07:47 AM, 16 Dec, 2025
U.S.D.C., Eastern District of New York

December 16, 2025

Magistrate Judge Clay H. Kaminsky
Eastern District of New York
225 Cadman Plaza East
Chambers 504 North, Courtroom 505 North
Brooklyn, New York 11201

Re: *Finkelstein v. Bical, et al.*, No.: 23-cv-00049-LDH-KHM, Request for Brief Extension of Time to Complete Fact Discovery.

Dear Judge Kaminsky,

Plaintiff writes to respectfully request a brief extension of time to complete fact discovery, from January 30, 2026, to February 27, 2026, which will align with the expert disclosure deadline.[1] This is the first request of this kind from Plaintiff.

There are multiple reasons supporting good cause for this brief request. First and foremost, as noted by Plaintiff at the November 24, 2025, Conference, Plaintiff is undergoing multiple invasive procedures in December 2025/ January 2026. One of the procedures involves intensive eye surgery, and Plaintiff's recovery will require very little movement and rest.[2] Plaintiff was only recently informed by his doctor of the extent and rigor of the surgery and recovery therefrom – Plaintiff requests this brief extension primarily to allow for appropriate recovery and continued prosecution of the action.

Second, additional time is needed to complete discovery motion practice, and discovery generally. Despite the Court's best efforts, it appears that the parties are headed toward discovery motion practice. *See* ECF No.'s 100, 101 (outlining parties' intent to move). Additional time is needed to allow the parties to move and obtain rulings so that the parties have all the documents and responses necessary to complete depositions and dispositive motion practice. Indeed, with the upcoming holidays and Defendants' previously noted unavailability during late December 2025, a brief extension is necessary to complete motion practice and depositions.

To that end, Plaintiff is still waiting for essential financial documents from Defendants that remain outstanding. In fact, with respect to the recent bank records subpoena, ECF No. 99, Defendants appear to have unnecessarily drawn out the process even further, as they flagrantly violated Rule 45(a)(4) by a) failing to serve Plaintiff with the subpoena, b) failing to effectuate personal service of the subpoena, and c) failing to move for an order allowing substituted service. *See Ferenczi v. City of New York*, No. 18-cv-03352, 2019 WL 3842924, at *1 (E.D.N.Y. Aug. 14, 2019) (absent order allowing substituted service, Rule 45 subpoena must be personally served). It is also worth noting that even if the subpoena was validly served, (it was not), the bank's response

---

[1] On November 24, 2025, the Court reset deadlines: fact discovery by January 30, 2026, expert disclosures by February 27, 2026, and all discovery complete by March 27, 2026. *See* Order.

[2] To the extent that the Court is inclined to review Plaintiff's medical records/ procedural documents regarding these issues, Plaintiff is absolutely willing to provide same privately to the Court under seal.

1

would be due the day after Christmas, (assuming a proper and timely response) and leaving only a few weeks to complete all motion practice and deposition practice.[3]

The Court's discovery scheduling order may be modified for good cause. F.R.C.P. 16(b)(4). The inquiry turns on the "diligence" of the moving party. *See Saray Dokum ve Madeni Aksam Sanayi Turizm A.S. v. MTS Logistics, Inc.*, 335 F.R.D. 50, 51 (S.D.N.Y. 2020) (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)). The Court may also consider other factors, such as prejudice to the opposing party and extenuating health circumstances. *See e.g., Olivieri v. Arrow Elecs., Inc.*, 2017 U.S. Dist. LEXIS 181422, at *3-4 (D. Conn. Oct. 31, 2017) ("[T]he Court grants the vast majority of motions for extensions of time, especially where health or other emergency reasons intervene."); *Liberty Mut. Ins. Co. v. Star Indus., Inc.*, 1997 WL 1068692, at *1 (E.D.N.Y. Oct. 10, 1997) (where illness or medical issue makes compliance with a court schedule impracticable or unnecessarily burdensome, that is ordinarily sufficient to obtain relief). As noted, Plaintiff's medical issues will require extensive rest and rehabilitation. Yet, Plaintiff is not asking for a large extension of time – only a narrow approximately 3.5 weeks.

To that end, there is **<u>zero</u>** prejudice to Defendants through this brief extension. Defendants have requested numerous extensions of time or missed deadlines in this case for all sorts of reasons, which have all been granted and amounted to *months* of additional time. *See e.g.*, ECF No.'s 8 (to answer), 11 (to answer), 37 (missed deadline) 58 (motion practice after missed deadline), 75 (once new counsel appeared, Plaintiff consenting to allow them more time for discovery) 76 (discovery), 98 (discovery). Here, Plaintiff requests only minimal time for his medical recovery. Further, the outstanding discovery and substantive issues are important and require appropriate time for resolution, especially given Defendants' history of seeking extensions and dilatory conduct in complying with Court Orders. In fact, this extension of time will allow Defendants the appropriate time to cure their violations of Your Honor's November 24 Order, as well as Rule 45.

When Plaintiff requested Defendants' consent to this Motion on December 5, 2025, Defendants' counsel inexplicably declined.[4] Despite Plaintiff's diligence in this case having gone on for years, Defendants now seek to exploit Plaintiff's short term medical issues for tactical advantage. This is extremely unfortunate and appears to be undertaken in bad faith. Plaintiff has been nothing in this case if not diligent. Plaintiff has vigorously pursued discovery and attempted to push this case forward, despite Defendants' efforts to obstruct, dismiss, stay, and delay this action.[5] Plaintiff is only requesting a brief extension of the fact discovery deadline, which will not affect the other deadlines nor delay this action.

---

[3] The Court's November 24 Order did not contemplate a delay in the subpoena process, but that has now come to fruition given Defendants' request for more time and faulty process regarding same.

[4] Ironically, when Plaintiff and Defendants counsel met and conferred on December 5, 2025, it was *Defendants* who first asked if Plaintiff would consent to a discovery deadline extension regarding the bank subpoena. Plaintiff was of course willing to consent, but was at a loss when, after asking for a reciprocal extension regarding the fact discovery deadline that is clearly necessary for all parties, Defendants refused. Defendants did not provide a reason for their refusal to withhold consent. The Court thereafter quickly granted Defendants' request for an extension of the subpoena deadline. *See* December 5, 2025, Paperless Order.

[5] *See* ECF No. 40 at 3-4 (Judge Bulsara noting same); ECF No. 64 at 8 n.4 (Judge Merkl noting same).

WHEREFORE, Plaintiff respectfully requests that the Court briefly extend the time for completion of fact discovery to February 27, 2026, and award any further relief the Court deems just and proper.

I thank You very much for Your attention to this matter.

Very truly yours,

Stuart H. Finkelstein
/s/ *Stuart H. Finkelstein*

To all Counsel via ECF

3