

January 7, 2026

Magistrate Judge Clay H. Kaminsky
Eastern District of New York
225 Cadman Plaza East
Chambers 504 North, Courtroom 505 North
Brooklyn, New York 11201

        Re: *Finkelstein v. Bical, et al.*, No.: 23-cv-00049-LDH-KHM
        Letter in Support Of Upcoming January 9, 2026, Conference

Dear Judge Kaminsky,

    Plaintiff writes to respectfully outline and streamline the remining discovery issues for the Court, including recent developments, in advance of the January 9, 2026, Conference.

1. **Defendants' "Subpoena" (ECF No. 104) is improper and must be corrected.**
   a. On November 24, 2025, Your Honor ordered Defendants to subpoena the bank records at issue by December 5, 2025. Defendants were granted an additional week.
   b. Defendants violated Your Honor's Order by failing to serve the subpoena by the new court-ordered deadline, December 12, 2025. Instead, to feign compliance, on December 12, Defendants filed an empty one page "affidavit of service" that did not contain any subpoena. *See* ECF No. 99.
   c. It was not until weeks later – December 31, 2025 (almost a month after the original December 5, 2025, deadline) – that Defendants, without any explanation to Plaintiff or the Court for the delay and violation of the Court's order, served a subpoena on a single bank with two improper requests. *See* ECF No. 104. The bank's response is now not due until about two weeks before the current close of fact discovery, prejudicing Plaintiff and requiring more time to complete discovery.
   d. Defendants failed to personally serve the Subpoena. *See Ferenczi v. City of New York, et al.*, 18-cv-3352, 2019 WL 3842924, at *1 (E.D.N.Y. Aug. 14, 2019) (Bulsara, J.) (Rule 45 subpoena must be personally served).
   e. Defendants improperly 1) selected a *single bank account*, and 2) inexplicably tailored their requests in a very limiting manner that is not easily comprehensible by the bank. *See SEC v. Laura*, No. 18-cv-5075, 2020 WL 5152873, at *10 (E.D.N.Y. Aug 31, 2020) (subpoena to bank should request "financial account information" of which the bank should be able to "easily comprehend without resulting confusion"). Here, defendants requested, from a bank, "documents reflecting the payment of legal fees, [] expenses or disbursement." ECF No. 104-1 at 9. Banks maintain bank records and bank statements. Unlike Defendants, banks do not, and cannot be expected, to know what constitutes "payment of legal fees." It is unclear why Defendants did not simply subpoena bank records (*see e.g.* Plaintiff's June 30, 2025, requests at No. 37) from their bank accounts held with their banks from October 2017 through January 2021 – the relevant time period, and then either a) produce the records to Plaintiff, or b) review the records themselves first and select the records to produce. Instead, they have delayed the process and subpoenaed one bank (to the extent this is even the only bank at issue) with a confusing subpoena that will now surely require more back and forth, only further delaying resolution.

1

2. **Defendants still not have – but must – confirm that they have produced all responsive documents and are <u>not withholding any documents</u> in their possession, custody, or control.**
    a. On November 24, 2025, the Court ordered Defendants to send Plaintiff the documents and responses to Plaintiff's June 30, 2025, requests that Defendants represented to the Court that they had already sent to Plaintiff on "October 22, 2025." It turns out Defendants' representation to the Court was completely untrue – and it is in plain view for the Court to see – as they could not have and did not – send Plaintiff anything on October 22, 2025. *See* ECF No. 101 at 1 n.1 (explaining same).
    b. In furtherance of the Court's November 24 order, that day, Defendants emailed Plaintiff with amended written responses that withdrew over 20 objections to individual documents requests. While that is facially good progress, Defendants' actual document production emailed therewith contained <u>the *exact same* 725 pages</u> that they previously sent Plaintiff on August 4, 2025.
    c. Plaintiff immediately emailed Defendants' counsel and asked if that was a mistake – because, presumably, with many <u>less objections</u>, there would be <u>more documents</u>. If not, and the 725 pages is all that Defendants will produce, okay.
    d. Unfortunately, Defendants refused to provide Plaintiff with a straight answer. Plaintiff followed up on this issue now *six times,* but Defendants continue to play games. During the parties' December 5, 2025, meet and confer, Defendants' counsel stated that he may have "some more documents but we'll see."[1] That is completely improper and Defendants must confirm they are not withholding documents.

3. **Tax Documents**
    a. At the November 24, 2025, Conference, Defendants confirmed that they would produce tax documents. *See* Tr. at 28. It has now been over a month and a half, and *nothing* from Defendants on this. This must be corrected.

4. **Verification of Interrogatory Responses**
    a. Defendants have not verified their November 24, 2025, interrogatory responses. The signature line underneath each Defendant's name is blank. This must be corrected. *See Wisser v. Vox Media, Inc.*, 19-cv- 1445, 2020 WL 1547381, at *11-12 (S.D.N.Y. 2020) (Under Rule 33, answers to interrogatories must be verified and must be signed by the person answering the interrogatory, not only by the party's attorney).

Thank you for Your attention to this matter.

> Very truly yours,
> Stuart H. Finkelstein
> <u>/s/ *Stuart H. Finkelstein*</u>

To all Counsel via ECF

---

[1] In the same vein, at the November 2 Conference, Defendants indicated – despite their written responses indicating that they were producing all responsive documents –that they had ***not*** have produced all responsive documents in their possession. *See* Tr. at 20.