*** Filed *** 10:01 AM, 10 Mar, 2026 U.S.D.C., Eastern District of New York

Stuart H. Finkelstein
Plaintiff Pro Se
March 10th, 2026

Magistrate Judge Clay H. Kaminsky
Eastern District of New York
225 Cadman Plaza East
Chambers 505 North, Courtroom 504 North
Brooklyn, New York 11201

                                      Re: Finkelstein v. Bical, et al.,
                                      No.: 1:23- cv-00049-LDH-CHK
                                      *Letter Motion to Compel Deposition Testimony, To Preclude, And For Sanctions Against Defendant L. Bical and Attorney Jason Mizrahi*

Dear Judge Kaminsky,

To remind the Court, respectfully of course, I am Plaintiff pro se in this matter. I write to 1) obtain an order compelling Defendant Lilaahar Bical ("L. Bical") to finish his deposition which began on March 6, 2026, and/ or for an order precluding L. Bical from testifying in this action, and 2) to advise the Court of Defense Attorney Mizrahi's reprehensible conduct during L. Bical's deposition and to sanction him for same.

By way of background, on October 3, 2024, upon Plaintiff's application (and over L. Bical's objection), the Court ordered that L. Bical was required to sit for 10 hours of deposition testimony, exclusive of breaks. *See* October 3, 2024, Paperless Order (Bulsara, J.). To that end, on February 18, 2026, Plaintiff served Defendant L. Bical's counsel with an Amended Notice of Taking Deposition which noted that the deposition would be taken day-to-day until completed. *See* attached "**Exhibit A**."

On March 6, 2026, Defendant L. Bical's deposition began at approximately 10:30 a.m. Attorney Mizrahi's outrageous misconduct notwithstanding (more below), as the day wore on, it became clear to Plaintiff that the parties would not be able to complete the full 10 hours of permitted testimony. As such, and as a 'heads up' to Defendant and his counsel, Plaintiff stated on the record at approximately 3:15 p.m. that Defendant would need to come back for a second day to complete his testimony. Attorney Mizrahi protested heavily, stated that L. Bical "reserved all rights" under the rules, and implied that L. Bical would not come back to finish his deposition. The deposition continued and stopped at approximately 4:50 p.m. Exclusive of breaks (45-minute lunch break & a few bathroom breaks) and further exclusive of Attorney Mizrahi's filibustering, L. Bical was deposed for approximately just over 5 hours.[1]

That afternoon, Plaintiff wrote to Defendants' counsel regarding the need to schedule

---

[1] The L. Bical part 1 deposition transcript is still in the process of being prepared. Once ready, Plaintiff will of course provide the Court with same to the extent the Court requires.

the final portion of Bical's deposition. Attorney Mizrahi initially stated on the record that he might be willing to "confer" on the matter that day after the deposition was over. He did not. He then emailed Plaintiff 2 days later on March 8, requesting "a meet-and-conferral call." Plaintiff responded later that day, noting all counsel had to do was provide dates, but nevertheless, agreed to speak the next day. Bizarrely, Attorney Mizrahi simply ignored Plaintiff the entire next day. *See* "**Exhibit B**," Emails. Instead, on March 9 Mizrahi sent multiple non-responsive and disingenuous emails throughout the day regarding other collateral (& incorrect) matters – purposefully ignoring the giant elephant in the room. Finally, on March 10, 2026, (4 days after the March 6 deposition) counsel indicated he would first speak to L. Bical about "availability." *Id.* Plaintiff is seriously concerned that, given L. Bical and Mizrahi's conduct at the deposition and generally in this case, they are playing games in hopes of running out the clock, with just over 2 weeks left in fact discovery.

It is regrettable that Plaintiff must write to the Court. Defendant Bical appears to have inexplicably refused to finish his deposition or, *at least*, is stalling same, and has done so after his counsel engaged in bad faith obstructionist tactics. This is especially concerning given the approaching discovery cut off. Court intervention is necessary to prevent such tactics. Under Rule 37, "a party seeking discovery may move for an order compelling an answer" … which includes a deponent's failure to answer questions. *See* Fed. R. Civ. P. 37(a)(3)(B); 37(a)(3)(B)(iii). In ordering the disobedient party's deposition, the Court may "prohibit[ ] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii); *see also United Bank for Africa PLC v. Coker*, 2003 WL 179775, at *1 (SDNY Jan. 24, 2003) (party was who was under court order regarding deposition was required to attend deposition continuing "from day to day thereafter until his deposition was completed" & would be subject to potential default judgment if failed to appear until deposition was completed).

A court may "presume from a party's willful failure to answer a discovery request relating to a particular issue that the facts of that issue are established against the noncompliant party . . . such a presumption is consistent with due process." *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 147 (2d Cir. 2010). Plaintiff requests that the Court order Defendant Bical to sit for the remainder of his deposition, or enter an order of preclusion precluding him from offering any testimony, premised on his failure to sit for the remainder of his deposition. *See Azzarmi v. 55 Fulton Market*, 20-cv-6835, 2022 WL 17156709 (S.D.N.Y. Nov. 11, 2022) (precluding party who refused to answer deposition questions from offering favorable testimony in the action); *Soft Drink v. Ulrich,* 2021 WL 2227921, at *5 (S.D.N.Y. June 1, 2021) (for failure to appear at deposition, "[w]hat would be appropriate, however, would be to preclude Mr. Ulrich from offering any testimony in support of his defenses in this case at any future stage of this litigation, whether in the form of a declaration in opposition to a potential motion for summary judgment, or in the form of testimony at trial.").

Almost as troubling as Defendant Bical's refusal to complete his deposition, was his attorney's conduct during the initial session. Attorney Mizrahi attempted to commandeer Defendant Bical's deposition from the very outset. He engaged in

obstructionist tactics, improper coaching, berated the Plaintiff on the record, and engaged in over 25 speaking objections! Mr. Mizrahi gave many-sentence long speaking objections and even went on to chastising Plaintiff repeatedly and literally sought to take over the deposition.

Far from a potted plant, Mr. Mizrahi engaged *in questioning Plaintiff* regarding Plaintiff's line of questioning, Plaintiff's exhibits, and the "relevance" of certain questions, using that as a basis to instruct his client not to answer questions – completely improper conduct. *See Greer v. Mehiel*, 2017 WL 543453, at *3 (S.D.N.Y. Feb. 10, 2017) ("Objections as to the form of the question shall be made by opposing counsel . . . , who shall simply state, 'Objection.' The objecting counsel . . . shall not speak any additional words concerning the basis of the objection unless a clarification is requested."). Of course, *as the Court is aware, a relevance objection is not a 'license' to direct a witness not to answer.*

Attorney Mizrahi's malicious and spiteful actions did not end there. This lawyer had the guile to actually email me during the course of my questioning while I was in the bathroom, threatening to not only end the deposition of his client, but declared it waived if I did not continue with it to his liking! Finally, around 2:30 p.m., this attorney's never ending conduct forced Plaintiff to attempt to obtain a ruling from Your Honor to put an end to same. Unfortunately, Your Courtroom Deputy advised that Your Honor was unavailable, but she stated that she hoped that the parties would remain "civil." Defense attorney Mizrahi's conduct during the deposition was reprehensible. He turned the deposition into a sham. The prejudice was paramount. Repeatedly, Mizrahi's improper tactics would cause the witness to forget the question, change his answer, or stay silent all together.

Defense attorney Mizrahi's egregious conduct and speaking objection violations occurred from the beginning until the end; his instructing his client not to answer questions was unfounded at law and by the Federal Rules of Civil Procedure, i.e., FRCP 30(c)(2). *His* obstructionist behavior even involved talking while I was still in the midst of asking questions of the witness. It was unrelenting. The Court retains authority under Rule 30 and 37 to sanction attorneys for deposition and discovery misconduct. Such sanctions are warranted here.

**WHEREFORE**, Plaintiff respectfully requests that the Court compel Defendant L. Bical to sit for the remainder of his deposition, or preclude him from testifying, and further sanction Defendants' counsel for his improper, violative, obstructionist behavior. Pursuant to Your Honor's Individual Rule IV(A), Plaintiff expressly requests that the Court allow Plaintiff to file a formal motion with respect to the foregoing if the Court deems it necessary.

Thank you for Your attention to this important matter.

                                                Very truly yours,

                                                      __s/s_____
                                                  Stuart H. Finkelstein

SHF
Via Pacer

Case 1:23-cv-00049-LDH-CHK   Document 108   Filed 03/10/26   Page 4 of 10 PageID #: 975

# EXHIBIT A

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
STUART H. FINKELSTEIN ESQ.,                    :
                                               :
                                               :
                    Plaintiff,                 :   Case No.: 1:23-cv-00049
                                               :
      - against -                              :
                                               :
                                               :
                                               :   Hon. L. DeArcy Hall
LILAAHAR BICAL, et al.,                        :   Hon. Clay H. Kaminsky
                                               :
                                               :
                                               :
                    Defendants.                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
```

**PLAINTIFF'S AMENDED NOTICE OF TAKING DEPOSITION OF
<u>DEFENDANT LILAAHAR BICAL</u>**

**PLEASE TAKE NOTICE**, that pursuant to Federal Rule of Civil Procedure 30(b), Plaintiff Stuart H. Finkelstein will take the deposition upon oral examination of Defendant Lilaahar Bical on **March 6, 2026, at 10:30 a.m**. via **Zoom** video-conferencing technology. The necessary credentials and web-link will be provided within a reasonable time prior to the deposition. The deposition will continue from day to day until complete. The deposition will be taken before a Certified Court Reporter who may appear remotely and will record the deposition by stenographic means. If the deponent does not possess such video-conferencing technology, the deponent shall promptly notify Plaintiff and will work to obtain same.

This remote deposition may be used at a trial or hearing or for any other means in this action to the same extent that an in-person deposition may be used at trial or hearing or any other means in this action. Plaintiff reserves the right to video-record the Deposition, and the Parties agree not to object to the use of any video recording of this deposition on the basis that the deposition was taken remotely.

The Parties reserve all other objections to the use of any deposition testimony at trial.

Dated: February 18, 2026

By: Stuart H. Finkelstein
*/s/ Stuart H. Finkelstein*
Pro se Plaintiff
stuarthfinkelstein@gmail.com

# EXHIBIT B



**Stuart Finkelstein <stuarthfinkelstein@gmail.com>**

---

## L. Bical Deposition - Continued to next week
4 messages

---

**Stuart Finkelstein** <stuarthfinkelstein@gmail.com>  Fri, Mar 6, 2026 at 4:06 PM
To: Jason Mizrahi <jason@levinepstein.com>, Joshua Levin-Epstein <joshua@levinepstein.com>

Jason,

As noted on the record, the Court has allowed me 10 hours to depose Defendant Bical. As it is already 4 p.m., we are not going to finish today. I am available Wednesday the 11th or Friday the 13th of next week to finish. Please let me know by Monday so that we can assure there is a court reporter present. Thank you.

Vty,
Stuart H. Finkelstein

---

**Jason Mizrahi** <Jason@levinepstein.com>  Sun, Mar 8, 2026 at 10:11 AM
To: Stuart Finkelstein <stuarthfinkelstein@gmail.com>, Joshua Levin-Epstein <Joshua@levinepstein.com>

Mr. Finkelstein,


Please advise on your availability for a meet-and-conferral call.


Thank you.


_____

Jason Mizrahi, Esq.

Levin-Epstein & Associates, P.C.

420 Lexington Avenue, Suite 2458

New York, NY 10170
Office: (212) 792-0048
Mobile: (301) 758-7351
Email: Jason@levinepstein.com


*The information contained in this transmission, including attachments, is strictly confidential and intended solely for and the use by the intended recipients. This email may be protected by the attorney-client privilege, work-product doctrine, or other applicable legal or professional protections. If you are not the intended recipient, please be notified that any retention, use, disclosure, dissemination, distribution or copying of this email is strictly prohibited, kindly notify us of your inadvertent receipt of the email, by return email, destroy any printouts and delete any electronic copies.  Any waiver of any privilege which might otherwise arise from this email being sent to, or received*

by, an unintended recipient is hereby expressly disclaimed. No attorney-client relationship is created by virtue of a recipients receipt of this email in error. Thank you.

[Quoted text hidden]

---

**Stuart Finkelstein** <stuarthfinkelstein@gmail.com>                                                         Sun, Mar 8, 2026 at 9:17 PM
To: Jason Mizrahi <jason@levinepstein.com>
Cc: Joshua Levin-Epstein <joshua@levinepstein.com>

Not sure what there is to speak about. Simply provide proposed date(s) for the continuation of your client's deposition.

To the extent you believe that the foregoing impacts any other scheduling matters, you can simply explain that here in writing.

Subject to the foregoing, I can be available to speak tomorrow between 2 and 3 p.m.

Stuart Finkelstein
[Quoted text hidden]

---

**Jason Mizrahi** <Jason@levinepstein.com>                                                                    Tue, Mar 10, 2026 at 8:20 AM
To: Stuart Finkelstein <stuarthfinkelstein@gmail.com>
Cc: Joshua Levin-Epstein <Joshua@levinepstein.com>

Mr. Finkelstein,


We will speak with our client, and get back to you with his availability.

[Quoted text hidden]